# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

JACQUELINE L. CONNERS, individually and
on behalf of all others similarly situated

**PLAINTIFF**

v.          CASE NO. 4:14cv002-saww

GUSANO'S CHICAGO STYLE PIZZERIA;
CATFISH PIES, INC.; CRAZY PIES, INC;
FAYETTEVILLE PIES, INC.;
GUSANO'S CHICAGO STYLE PIZZERIA OF BELLA VISTA, INC.;
HENDRIX BRANDS, INC.; PIZZA PROFITS, INC.;
SHOW ME PIES, INC.; and BEN BIESENTHAL

**DEFENDANTS**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JAN 02 2014
JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

## COLLECTIVE ACTION COMPLAINT

This case assigned to District Judge Wright
and to Magistrate Judge Volpe

Comes now Plaintiff, Jacqueline L. Conners, and for her Collective Action Complaint states:

### I. INTRODUCTION

This is a collective action under the Fair Labor Standards Act for wages owed. Gusano's Chicago-Style Pizzeria is a bar-and-restaurant chain with locations in Arkansas and Missouri. Although each Gusano's location is nominally owned by a separate corporate entity, they are operated as a single enterprise. Employees at each of the locations are subject to the same employment policies. Gusano's is controlled by its president and founder, Ben Biesenthal.

Conners was a server at Gusano's Conway location. Conners was paid $2.75 per hour plus tips. Gusano's, however, did not let Conners keep all of the tips she received.

1

Rather, when Conners was hired, she was told to sign a tip-pooling agreement as one of the conditions of her employment. The agreement stated that she agreed to share her tips with various other Gusano's employees, including the kitchen staff. Because Gusano's did not operate a valid tip pool, it was required to pay Conners and its other servers at least $7.25 per hour. Conners brings this suit individually, and on behalf of all Gusano's other servers.

## II. JURISDICTION, VENUE, AND PARTIES

1.      Conners is a resident of Conway, Faulkner County, Arkansas, and she is a citizen of the state of Arkansas. She was employed at the Gusano's location in Conway, Arkansas. At all relevant times, Conners was classified as hourly and non-exempt from the overtime and minimum wage requirements of the FLSA. Her consent to join this action is attached as Exhibit "A.".

2.      Defendant Catfish Pies, Inc. is an Arkansas corporation with its principal place of business in Arkansas. Catfish Pies, Inc. owns Gusano's restaurants located in Conway and Bella Vista. At all relevant times, Catfish Pies, Inc. was operated as a single enterprise with the other defendants. 29 U.S.C. § 203(r). Catfish Pies, Inc. is an "employer" of Conners and other similarly-situated employees, as defined by 29 U.S.C. § 203(d). Catfish Pies, Inc. can be served through its registered agent, Ben Biesenthal, 2905 South Walton Blvd, Suite 9, Bentonville, AR 72712.

3.      Defendant Crazy Pies, Inc. is an Arkansas corporation with its principal place of business in Arkansas. Crazy Pies, Inc., owns the Gusano's restaurant located in Bella Vista. At all relevant times, Crazy Pies, Inc. was operated as a single enterprise

with the other defendants. 29 U.S.C. § 203(r). Crazy Pies, Inc. is an "employer" of other similarly-situated employees, as defined by 29 U.S.C. § 203(d). Crazy Pies, Inc. can be served through its registered agent, Ben Biesenthal, 2905 South Walton Blvd, Suite 9, Bentonville, AR 72712.

4.      Defendant Fayetteville Pies, Inc. is an Arkansas corporation with its principal place of business in Arkansas. Fayetteville Pies, Inc., owns the Gusano's restaurant located in Fayetteville. At all relevant times, Fayetteville Pies, Inc. was operated as a single enterprise with the other defendants. 29 U.S.C. § 203(r). Fayetteville Pies, Inc. was an "employer" of other similarly-situated employees, as defined by 29 U.S.C. § 203(d). Fayetteville Pies, Inc. can be served through its registered agent, Christopher C. May, 234 East Millsap Road, Suite 400, Fayetteville, AR 72703.

5.      Defendant Gusano's Chicago Style Pizzeria is an Arkansas corporation with its principal place of business in Arkansas. At all relevant times, Gusano's Chicago Style Pizzeria was operated as a single enterprise with the other defendants. 29 U.S.C. § 203(r). Gusano's Chicago Style Pizzeria can be served through its registered agent, Benjamin Biesenthal, 1001 W. Walnut Suite 3, Rogers, Arkansas 72756.

6.      Defendant Gusano's Chicago Style Pizzeria of Bella Vista, Inc. is an Arkansas corporation with its principal place of business in Arkansas. At all relevant times, Gusano's Chicago Style Pizzeria of Bella Vista, Inc. was operated as a single enterprise with the other defendants. 29 U.S.C. § 203(r). Gusano's Chicago Style Pizzeria of Bella Vista, Inc. can be served through its registered agent, Benjamin Biesenthal, 1001 W. Walnut Suite 3, Rogers, AR 72756.

3

7.      Defendant Hendrix Brands, Inc. is an Arkansas corporation with its principal place of business in Arkansas. Hendrix Brands, Inc., owns the Gusano's restaurant located in Little Rock. At all relevant times, Hendrix Brands, Inc., was operated as a single enterprise with the other defendants. 29 U.S.C. § 203(r). Hendrix Brands, Inc. was an "employer" of other similarly-situated employees, as defined by 29 U.S.C. § 203(d). Hendrix Brands, Inc. can be served through its registered agent, Tim Chappell, 315 Rock Street, Condo 1601, Suite 400, Little Rock, AR 72201.

8.      Defendant Pizza Profits, Inc. is an Arkansas corporation with its principal place of business in Arkansas. Pizza Profits, Inc., owns the Gusano's restaurant located in Bentonville. At all relevant times, Pizza Profits, Inc. was operated as a single enterprise with the other defendants. 29 U.S.C. § 203(r). Pizza Profits, Inc. was an "employer" of other similarly-situated employees, as defined by 29 U.S.C. § 203(d). Pizza Profits, Inc. can be served through its registered agent Christopher C. May, 234 East Millsap Road, Suite 400, Fayetteville, AR 72703.

9.      Defendant Show Me Pies, Inc. is an Arkansas Corporation with its principal place of business in Missouri. Show Me Pies, Inc., owns the Gusano's restaurant located in Joplin, Missouri. At all relevant times, Show Me Pies, Inc. was operated as a single enterprise with the other defendants. 29 U.S.C. § 203(r). Show Me Pies, Inc., was an "employer" of other similarly-situated employees, as defined by 29 U.S.C. § 203(d). Show Me Pies, Inc. was an "employer" of other similarly-situated employees, as defined by 29 U.S.C. § 203(d). Show Me Pies, Inc. can be served through

its registered agent Ben Biesenthal, 2905 South Walton Blvd., Suite 9, Bentonville, AR 72712.

10.    Defendant Ben Biesenthal is the President or Principal of all of the Gusano's entities. At all relevant times, Ben Biesenthal was part of a single enterprise with the other defendants. 29 U.S.C. § 203(r). Biesenthal was an "employer" of other similarly-situated employees, as defined by 29 U.S.C. § 203(d). He can be served at 2905 South Walton Blvd, Suite 9, Bentonville, AR 72712.

11.    At all times herein, all Defendants constituted a joint enterprise pursuant to 29 U.S.C. § 203(r). The Defendants collectively operate a joint enterprise, which will be referred to as "Gusano's" throughout this Complaint.

12.    Conners and all similarly-situated employees seek an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and for compensation and other relief under the FLSA, as amended, 29 U.S.C. §§ 215, 216(b) and 217.

13.    Jurisdiction of this action is conferred on this Court by 29 U.S.C. §§ 216(b), 217; 28 U.S.C. § 1331 and 28 U.S.C. § 1337. Venue lies within this district pursuant to 28 U.S.C. § 1391.

14.    At all times material herein, Conners and all similarly-situated employees have been entitled to the rights, protection and benefits provided under the FLSA, as amended, 29 U.S.C. § 201, *et seq.*

15.    This Court has jurisdiction over Conners' state law claims pursuant to its supplemental and pendent jurisdiction, 28 U.S.C. § 1367.

### III. FACTUAL ALLEGATIONS

16.     Conners and all other similarly-situated employees were employed by Defendants in their Gusano's locations throughout the state of Arkansas and Missouri.

17.     Each corporate Defendant does business at a specific Gusano's location and supplies patrons with food and alcoholic beverages.

18.     Conners and all similarly-situated employees work as hourly, non-exempt servers for their respective Gusano's locations.

19.     Gusano's pays its servers less than the minimum wage of $7.25 per hour. For example, Gusano's paid Conners $2.75 per hour. Instead of paying the required minimum wage, Gusano's takes advantage of the tip credit allowed by 29 U.S.C. § 203(m).

20.     Gusano's does not inform its employees of the provisions of 29 U.S.C. § 203(m).

21.     Gusano's does not allow its servers to keep all of the tips they receive. Instead, Gusano's requires its servers to enter into a tip-pooling agreement as a condition of employment. Each server signs a statement that they are "in agreement with Gusano's Tip Pooling Policy; tipping out a customary percentage of [...] sales from each shift to the kitchen, hostess, & or bartender." *See Exhibit* "B."

22.     At the end of a shift, Gusano's required its servers to print a receipt of all of their alcohol and food sales.

23.     Gusano's required each server to turn over all of their total payments, including tips, at the end of each shift.

6

24.   Gusano's calculated how much it was owed based on the total food and alcohol sales, and it deducted that amount from the total funds given by the servers.

25.   Gusano's then took the remaining balance of the funds after deducting the total sales, and it applied it to a tip pool, distributing the funds to hostesses, servers, bartenders, cooks, and other employees.

26.   Gusano's shares the servers' tips with kitchen staff and other employees who "do not customarily and regularly receive tips" within the meaning of 29 U.S.C. § 203(m).

27.   Some of the employees who were provided funds from the tip pool, in particular cooks, are not employees who customarily and regularly receive tips. As a result, Gusano's tip pool did not satisfy the requirements of the Fair Labor Standards Act, and Gusano's is not eligible to take the tip credit.

28.   Conners and all other similarly-situated employees are entitled to the return of his or her tips and wages and compensation based on the standard minimum wage for all hours worked.

IV. COLLECTIVE ACTION ALLEGATIONS

28.   The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

29.   Conners brings this FLSA collective action on behalf of herself and all others similarly situated pursuant to 29 U.S.C. §§ 207 and 216(b), specifically, as follows:

> All Gusano's servers who were employed within the past three years.

7

30.     Upon information and belief, Conners believes that the definition of the class may be further refined following discovery of Gusano's books and records.

31.     There are questions of law and fact common to Conners and others similarly situated, which predominate over any questions affecting individual members only. These factual and legal questions include:

a.     Whether Conners and others similarly situated had their tips taken pursuant to a tip-pooling agreement;

b.     Whether Conners and others similarly situated had their tips given to kitchen staff;

c.     Whether Gusano's informed Conners and others similarly situated about the requirements of 29 U.S.C. § 203(m);

d.     Whether Gusano's satisfied its obligation to pay Conners and others similarly situated the minimum wage and overtime payments required by the Fair Labor Standards Act.

e.     Whether Gusano's actions were willful;

f.     The correct statute of limitations for the claims of Conners and others similarly situated;

g.     The correct method of calculating back pay;

h.     Whether Conners and others similarly situated are entitled to compensatory and liquidated damages, and if so, the means of measuring such damages;

i.     Whether Gusano's is liable for pre-judgment interest; and,

j.     Whether Gusano's is liable for attorney's fees and costs.

32.     Gusano's acted and refused to act on grounds generally applicable to Conners and others similarly situated.

8

33.    Conners's claims are typical of the claims of the class in that Conners and others similarly situated were denied their tips and wages as a result of Gusano's uniform policy of taking tips pursuant to an illegal tip-pooling arrangement. This is the predominant issue that pertains to the claims of Conners and of others similarly situated.

34.    The collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy.

35.    Conners will fairly and adequately protect the interests of the class, as their interests are in complete alignment with others similarly situated, i.e., to prove and then eradicate Gusano's illegal practice of taking their tips pursuant to an illegal tip-pooling arrangement and to recover wages lost as a result of the arrangement.

36.    Counsel for Conners will adequately protect the interests of Plaintiff and others similarly situated and is experienced with class/collective litigation and has previously served as class counsel in FLSA litigation.

37.    Conners and the class she represents have suffered, and will continue to suffer, irreparable damage from the illegal policy, practice, and custom regarding Gusano's pay practices.

38.    Gusano's has engaged in a continuing violation of the FLSA.

39.    Conners and all other similarly-situated employees were denied their tips and wages as a result of Gusano's pay practices. This violation was intended by Gusano's and was willfully done.

40.     Gusano's action in denying tips and wages to Conners and all other similarly-situated employees was intentional and constitutes a willful violation of the FLSA.

V. CLAIM I: VIOLATION OF THE FAIR LABOR STANDARDS ACT
INVALID MANDATORY TIP-POOLING ARRANGEMENT

41.     Conners incorporates by reference preceding paragraphs as if they were fully set forth herein.

42.     This is a collective action filed on behalf of all non-exempt servers who were subject to an illegal tip-pooling arrangement under the Fair Labor Standards Act.

43.     At all relevant times, Conners and all similarly-situated employees have been entitled to the rights, protection, and benefits provided by the Fair Labor Standards Act.

44.     At all relevant times, Conners and all similarly-situated employees have been "employees" of Gusano's, as defined by 29 U.S.C. § 203(e).

45.     At all relevant times, Gusano's was an "employer" of Conners and all other similarly-situated employees, as defined by 29 U.S.C. § 203(d).

46.     Under FLSA regulations, tips are the property of the employee whether or not the employer has taken a tip credit under 29 U.S.C. § 203(m).

47.     Furthermore, valid mandatory tip pools can only include those employees who customarily and regularly receive tips. An employer may not retain any of the employees' tips for any other purpose.

48.    An employer can only retain an employee's tips in furtherance of a valid tip-pooling arrangement or as a credit towards its minimum wage obligations.

49.    At all relevant times, Gusano's willfully failed and refused to compensate Conners and all other similarly-situated employees for all hours worked at the standard minimum wage under the FLSA because it retained their tips in furtherance of an invalid tip pooling arrangement.

50.    Gusano's violated and continues to violate the FLSA by withholding Conners and all other similarly-situated employees' tips in furtherance of an invalid tip-pooling arrangement.

51.    Gusano's failed and continues to fail to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of 29 U.S.C. § 211(c).

52.    Gusano's willfully violated and continues to violate the above provisions by withholding Conners's and all other similarly situated employees' tips and wages in furtherance of an invalid tip-pooling arrangement.

53.    Gusano's violations entitle Conners and all other similarly-situated employees to compensatory damages calculated as the full amount of wages owed at the minimum wage of $7.25 per hour amount less the amount of wages actually received and a return of the tips withheld.

54.    Gusano's violations entitle Conners and all other similarly-situated employees to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

11

55.     Conners and all other similarly-situated employees are entitled to an award of their attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

### VI. CLAIM II: RETURN OF WAGES OWED UPON DISCHARGE: FAILURE TO REMIT OWED WAGES UNDER ARK. CODE ANN. § 11-4-405

56.     Conners incorporates by reference preceding paragraphs as if they were fully set forth herein.

57.     Conners was terminated from her employment.

58.     Conners has made a demand for her owed wages, including her improperly retained tips and her final paycheck, as described in the preceding paragraphs under Ark. Code Ann. § 11-4-405.

59.     Gusano's has not delivered Conners's unpaid wages within seven days of her demand as required under Ark. Code Ann. § 11-4-405.

60.     Conners is entitled to her owed wages as described in the preceding paragraphs paid on a continuing basis until the date she is paid in full.

### VII. PRAYER FOR RELIEF AND JURY DEMAND

WHEREFORE, Conners, on behalf of herself and all other similarly-situated employees, respectfully request this Court:

a.     Certify this action as a collective action for all claims under the Fair Labor Standards Act;

b.     Enter a declaratory judgment that the practices complained of herein are unlawful under Federal and Arkansas law;

c.     Enter a permanent injunction restraining and prevent Gusano's from withholding the compensation that is due to their employees, from retaliating against any of them for taking part in this action, and from further violating their rights under the Fair Labor Standards Act;

d.     Enter an Order for complete and accurate accounting of all the compensation to which Conners and all other similarly-situated employees are entitled;

e.     Award Conners and all other similarly-situated employees compensatory damages in an amount equal to the unpaid back wages at the applicable minimum wage and a return of all tips owed them from a period from three (3) years prior to this lawsuit through the date of trial;

f.     Award Conners and all other similarly-situated employees liquidated damages in an amount equal to their compensatory damages;

g.     Award Conners and all other similarly-situated employees all recoverable costs, expenses, and attorney's fees incurred in prosecuting this action and all claims, together with all applicable interest;

h.     Award Conners her unpaid wages on a continuing basis until paid in full; and

i.     Grant Conners and all other similarly-situated employees all such further relief as the Court deems just and appropriate.

j.     Conners and all other similarly-situated employees demand a jury trial on all issues so triable.

Respectfully submitted

this 2d day of January, 2014,

By: _____

John T. Holleman - AR Bar #91056
jholleman@johnholleman.net
Maryna O. Jackson - AR Bar #2009111
maryna@johnholleman.net
Timothy A. Steadman – AR Bar #2009113
tim@johnholleman.net
HOLLEMAN & ASSOCIATES, P.A.
1008 West Second Street
Little Rock, Arkansas 72201
Tel. 501.975.5040
Fax 501.975.5041

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
_____ DIVISION

**JACQUELINE L. CONNERS, individually and
on behalf of all others similarly situated**                    **PLAINTIFF**

v.                                CASE NO. _____

**CATFISH PIES, INC. d/b/a GUSANO'S
CHICAGO-STYLE PIZZERIA CONWAY AND BELLA VISTA;
CRAZY PIES, INC. d/b/a GUSANO'S CHICAGO-STYLE
PIZZERIA BELLA VISTA; FAYETTEVILLE PIES, INC.
d/b/a GUSANO'S CHICAGO-STYLE PIZZERIA FAYETTEVILLE;
GUSANO'S CHICAGO STYLE PIZZERIA; GUSANO'S CHICAGO STYLE
PIZZERIA OF BELLA VISTA, INC.;
HENDRIX BRANDS, INC. d/b/a GUSANO'S CHICAGO-STYLE
PIZZERIA LITTLE ROCK; PIZZA PROFITS, INC. d/b/a
GUSANO'S CHICAGO-STYLE PIZZERIA WALTON BLVD;
SHOW ME PIES, INC. d/b/a GUSANO'S CHICAGO-STYLE PIZZERIA-
JOPLIN; T-TOWN PIES, LLC d/b/a GUSANO'S CHICAGO-STYLE
PIZZERIA; BEN BIESENTHAL, individually.**                    **DEFENDANTS**

## CONSENT TO JOIN COLLECTIVE ACTION

I hereby consent to join the action against above referenced Defendants as a Plaintiff to assert claims for unpaid wages and tips. If this case does not proceed collectively, I also consent to join any subsequent action to assert claims against above referenced Defendants for unpaid wages and tips. During the past three years, there were occasions when my tips were taken by above referenced Defendants in furtherance of an invalid tip-pool arrangement in which the tips were given to kitchen staff. As an employee/former employee of above referenced Defendants, I consent to becoming a party Plaintiff to this lawsuit, to be represented by HOLLEMAN & ASSOCIATES, P.A. and to be bound by any settlement of this action or adjudication of the court.



EXHIBIT
A

Consented to on this ~~Dec 27~~ day of December , 2013

Jacqie Conners
Print Name

[signature]
Signature

[redacted]
Telephone

[redacted]
Email

[redacted]
Address

12/27/13
Date

## Gusano's Server Tip Pooling Agreement
### Location: Joplin

I am in agreement with Gusano's Tip Pooling Policy; tipping out a customary percentage of my sales from each shift to the kitchen, hostess, & or bartender.

I am aware that it is not a law or legal obligation to participate but choose to contribute in order to show appreciation to my fellow co-workers for their help and the work they provide to assist me with my job on a daily basis.

_Jackie Conners_
**Employee Name**

_Jackie Connor_
**Employee Signature**

_Casey Simmons_
**Manager Signature**

10/2/13
**Date Agreement Signed**

EXHIBIT
B