IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**JACQUELINE L. CONNERS, WHITNEY KOCH,
KATEY TILLER, RACHELLE HOBBS,
MARIA CAMPANELLI, SARINA ELLIS,
LACIE MORGAN, CECILIE WASHBURN,
and BLAIRE LARSON, individually and on behalf
of all others similarly situated**                                                    PLAINTIFFS

            v.                    CASE NO. 4:14-CV-00002-BSM

**GUSANO'S CHICAGO STYLE PIZZERIA, n/k/a
KENNEDY'S PIZZERIA, INC; CATFISH PIES, INC.;
CRAZY PIES, INC.; FAYETTEVILLE PIES, INC.;
GUSANO'S CHICAGO STYLE PIZZERIA OF
BELLA VISTA, INC.; HENDRIX BRANDS, INC.;
PIZZA PROFITS, INC.; SHOW ME PIES, INC.;
CLEARWATER SOCIA CLUB, INC d/b/a GUSANO'S
CHICAGO-STYLE PIZZERIA OF CONWAY # 1, INC.;
THREE BUDDIES INCORPORATED; TIMOTHY CHAPPELL
and BEN BIESENTHAL**                                                                  DEFENDANTS

### STIPULATED PROTECTIVE ORDER

    1    <u>Definition of Confidential Information.</u>    Confidential information includes:

         (a)    Personnel documents and information of a personal or private nature pertaining to current and former employees and alleged employees of Defendants Kennedy's Pizzeria, Inc; Catfish Pies, Inc.; Crazy Pies, Inc.; Fayetteville Pies, Inc.; Gusano's Chicago Style Pizzeria of Bella Vista, Inc.; Hendrix Brands, Inc.; Pizza Profits, Inc.; Show Me Pies, Inc.; Clearwater Social Club, Inc., d/b/a Gusano's Chicago-Style Pizzeria of Conway # 1, Inc.; Three Buddies Incorporated; Timothy Chappell; and Ben Biesenthal (other than Plaintiffs), including, but not limited to, employee compensation information, tax information, supervisory notes, addresses, social security numbers, telephone numbers, dates of birth, and discipline reports; and

1

(b)     Non-public financial information of Defendants Kennedy's Pizzeria, Inc; Catfish Pies, Inc.; Crazy Pies, Inc.; Fayetteville Pies, Inc.; Gusano's Chicago Style Pizzeria of Bella Vista, Inc.; Hendrix Brands, Inc.; Pizza Profits, Inc.; Show Me Pies, Inc.; Clearwater Social Club, Inc., d/b/a Gusano's Chicago-Style Pizzeria of Conway # 1, Inc.; Three Buddies Incorporated; Timothy Chappell; and Ben Biesenthal; and

(c)     Non-public corporate governance documents of Defendants Kennedy's Pizzeria, Inc; Catfish Pies, Inc.; Crazy Pies, Inc.; Fayetteville Pies, Inc.; Gusano's Chicago Style Pizzeria of Bella Vista, Inc.; Hendrix Brands, Inc.; Pizza Profits, Inc.; Show Me Pies, Inc.; Clearwater Social Club, Inc., d/b/a Gusano's Chicago-Style Pizzeria of Conway # 1, Inc.; Three Buddies Incorporated; Timothy Chappell; and Ben Biesenthal; and

(d)     Non-public contracts or negotiated business documents of Defendants Kennedy's Pizzeria, Inc; Catfish Pies, Inc.; Crazy Pies, Inc.; Fayetteville Pies, Inc.; Gusano's Chicago Style Pizzeria of Bella Vista, Inc.; Hendrix Brands, Inc.; Pizza Profits, Inc.; Show Me Pies, Inc.; Clearwater Social Club, Inc., d/b/a Gusano's Chicago-Style Pizzeria of Conway # 1, Inc.; Three Buddies Incorporated; Timothy Chappell; and Ben Biesenthal; and

(e)     Trade secret or proprietary documents and information of Defendants Kennedy's Pizzeria, Inc; Catfish Pies, Inc.; Crazy Pies, Inc.; Fayetteville Pies, Inc.; Gusano's Chicago Style Pizzeria of Bella Vista, Inc.; Hendrix Brands, Inc.; Pizza Profits, Inc.; Show Me Pies, Inc.; Clearwater Social Club, Inc., d/b/a Gusano's Chicago-Style Pizzeria of Conway # 1, Inc.; Three Buddies Incorporated; Timothy Chappell; and Ben Biesenthal, including trade secrets, future business plans, market analysis, and confidential

research.

2 <u>Designation of Confidential Information:</u>

All Confidential Information disclosed herein is hereby deemed confidential between the parties and shall not be disclosed except as set forth in this Order.

Any deposition transcript page, each interrogatory answer, each produced document, electronically stored information, or other tangible thing, and each answer to request for admission, which in good faith is deemed by counsel for a party to disclose confidential information of that party, shall be so identified and marked "CONFIDENTIAL" by that party's counsel. Such identification and marking shall be made: (a) in the case of an answer to an interrogatory or a response to a request for admission, at the time when the answer or response is served by the requested party; (b) in the case of another document, when a copy of the document is provided to another party. In the case of transcript pages, the designating party shall advise opposing counsel of the specific pages to be maintained in confidence within twenty (20) calendar days after receipt of the transcript of the deposition. Pending notification from opposing counsel during the twenty (20) calendar day period, all transcript pages shall be treated as "CONFIDENTIAL" and may be used only in accordance with such designation under this Protective Order.

3 <u>Treatment of Confidential Information and Persons Entitled to Access:</u>

Until and unless the Court rules that any information, document or thing designated as Confidential is not confidential information, or may be disclosed beyond the limits permitted by this Order, access, copying, and dissemination of such information, documents and things shall be limited to the following persons:

(A) Attorneys of record in this litigation and staff and supporting counsel of such attorneys who are working directly on this litigation under the direction of such attorneys and to

4829-5225-9098.1

whom the materials are disclosed for purposes of this litigation as well as the named parties to this case;

  (B) Inside counsel of a party working directly on the litigation, including staff and support personnel who are working directly on the litigation under the direction of counsel and to whom it is necessary that the material be shown for purposes of this litigation;

  (C) Parties to this action;

  (D) Witnesses testifying in a deposition, hearing, or trial of this action;

  (E) The Court, stenographers, court clerks, and other court personnel employed by the court; and

  (F) Any expert utilized by the parties, who shall be provided a copy of this order and be further made aware of this order and the fact the documents produced are confidential information.

  4. <u>Restrictions on Use and Dissemination of Designated Information</u>:

All information produced by a party in the course of this litigation and designated as CONFIDENTIAL pursuant to this Protective Order shall be used by the receiving party solely for the purpose of this litigation. Any person receiving information designated as CONFIDENTIAL pursuant to the provisions of this Protective Order shall be advised of this Protective Order.

  5. <u>Certain Information Not Subject to Scope of Order:</u>

The restrictions of this Protective Order shall not apply to information which (a) was, is, or becomes public knowledge, not in violation of this Protective Order, or (b) was or is acquired from a third party having no obligation of confidentiality to the designating party, or (c) the receiving party can establish was in its rightful and lawful possession at the time of

disclosure or is developed independently by the receiving party without the use of Confidential Information. The burden of proving that information falls within the scope of one or more of the exceptions provided for in this paragraph shall fall on the receiving party.

      6.      Exceptions by Order or by Agreement by Parties:

Nothing shall prevent disclosure beyond the terms of this Order if the party designating the information consents in writing to the disclosure, or if the Court, after notice to the other party and the opportunity to be heard, orders disclosure.

      7.      Inadvertent or Unintentional Disclosure:

The inadvertent or unintentional disclosure by the supplying party of information designated under this Protective Order, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Counsel for the parties shall in any event, to the extent possible, upon discovery of inadvertent error, cooperate to restore the confidentiality of the designated information. Upon receipt of written notification and identification of inadvertent disclosure of CONFIDENTIAL information, the receiving party shall either mark the materials with the appropriate designation or return them to the producing party for such marking.

      8.      Challenges to Designations:

A party shall not be obligated to challenge the propriety of a designation under this Protective Order at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that either party to this litigation disagrees at any point in these proceedings with the designation by the supplying party of any information, the parties shall first attempt to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the

objecting party may seek appropriate relief from this Court, and the party asserting confidentiality shall have the burden of proving same.

9. <u>Documents Under Seal:</u>

In the event any documents or pleading containing confidential information are filed with the Clerk's office, the documents shall be redacted. Fed. R. Civ. P. 5.2. If redaction is not practical, the documents should be marked as "CONFIDENTIAL." The clerk shall accept such information, which shall be contained in a sealed envelope and prominently marked "CONFIDENTIAL – TO BE OPENED AS DIRECTED BY THE COURT." A similar notification shall be placed on the cover page of the document being filed. The parties are directed to only file such documents under seal only when absolutely necessary.

10. <u>Filing of Briefs or Affidavits Containing Confidential Information</u>:

In the event that a party wishes to use any information designated under this Protective Order in any affidavit, brief, memorandum of law, or other paper filed with the Court in this litigation, any confidential information in the paper shall be redacted when practicable, and if not, filed under seal and maintained under seal by the Court as provided in Paragraph 9. Nothing in this paragraph shall be construed to preclude a party from delivering an additional courtesy copy of any paper containing designated information, which copy is not sealed, directly to the Court responsible for the litigation.

11. <u>Modification of Protective Order:</u>

A party may seek the written permission of the other party or further order of this Court, after notice to the other party and opportunity to be heard, with respect to modification of this Protective Order. The parties may, by written stipulation, provide for exceptions to this Order.

12. <u>Continuing Effect:</u>

Insofar as the provisions of this Protective Order entered in this action restrict the

communication and use of the documents produced thereunder, this Order shall continue to be binding after the conclusion of this litigation except that a party may seek the written permission of the other party or further order of this Court, after notice to the other party and opportunity to be heard, with respect to dissolution or modification of this Protective Order.

13. <u>Advice to Client Based on Confidential Information</u>:

Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this litigation, referring to or relying upon the attorney's or parties' examination of designated information.

14. <u>Discovery Objections, Claim of Privilege</u>:

It is the intention of this Protective Order to deal with discovery objections to produce, answer, or respond to those objections on grounds of proprietary information, trade secret information or otherwise, and it is agreed by the parties that any party hereto may seek further relief from this order or additional protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

15. <u>Examination of Witness Regarding Confidential Information</u>:

Notwithstanding any of the provisions of this Order, any witness subject to a noticed deposition in this litigation and his counsel of record may be shown, and questioned, concerning any document of which he is alleged or claims to be the author of a recipient or of which he is alleged to have knowledge. Nothing in this Order shall preclude a certified reporter retained to transcribe depositions or litigation proceedings in this litigation from access to designated materials during litigation proceedings or depositions in this litigation.

16. <u>Miscellaneous</u>:

    (A)    Counsel for the undersigned parties hereby jointly apply to the Court for entry of an Order in accordance with the terms of this Stipulation.

(B)  The Order entered pursuant to the terms of this Stipulated Protective Order shall be without prejudice to the rights of any party to seek modification of its provisions upon motion duly noticed and served.

(C)  The provisions of the Order entered pursuant to the terms of this Stipulated Protective Order shall, absent written consent of the parties hereto, continue to be binding after the conclusion of this action, and the Court shall retain jurisdiction for the purpose of ensuring compliance with the Order and granting such other and further relief as may be necessary.

**IT IS SO ORDERED.**

_____
Honorable Brian S. Miller
United States District Court for the
Eastern District of Arkansas

Dated this 30th day of April 2014

**STIPULATED AND APPROVED BY:**

| | |
|---|---|
| By:/s/ Timothy A. Steadman_____ | By:/s/ Joseph R. Falasco_____ |
| John Holleman, ABN 91056 | E.B. Chiles IV, ABN 96719 |
| jholleman@johnholleman.net | cchiles@qgtb.com |
| Maryna Jackson, ABN 2009111 | Joseph R. Falasco, ABN 2002163 |
| maryna@johnholleman.net | jfalasco@qgtb.com |
| Timothy A. Steadman, ABN 2009113 | Amber Davis-Tanner, ABN 2011141 |
| tim@johnholleman.net | adtanner@qgtb.com |
| HOLLEMAN & ASSOCIATES, P.A. | QUATTLEBAUM, GROOMS, TULL & BARROW PLLC |
| 1008 West Second Street | 111 Center Street, Suite 1900 |
| Little Rock, AR 72201 | Little Rock, Arkansas 72201 |
| Telephone: (501) 975-5040 | Telephone: (501) 379-1700 |
| Facsimile: (501) 975-5043 | Facsimile: (501) 379-1701 |
| **ATTORNEYS FOR PLAINTIFFS** | **ATTORNEYS FOR DEFENDANTS HENDRIX BRANDS, INC. and TIMOTHY CHAPPELL** |

By: /s/ Scott Jackson
Scott Jackson, ABN 2008195
scott.jackson@kutakrock.com
KUTAK ROCK LLP
234 East Millsap Road, Suite 200
Fayetteville, Arkansas 72703
Telephone: (479) 973-4200
Facsimile: (479) 973-0007

AND

Ashley Welch Hudson, ABN 07136
ashley.hudson@kutakrock.com
KUTAK ROCK LLP
124 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201
Telephone: (501) 975-3000
Facsimile: (501) 975-3001

**ATTORNEYS FOR DEFENDANTS GUSANO'S CHICAGO STYLE PIZZERIA n/k/a KENNEDY'S PIZZERIA, INC.; CATFISH PIES, INC.; CRAZY PIES, INC; FAYETTEVILLE PIES, INC.; GUSANO'S CHICAGO STYLE PIZZERIA OF BELLA VISTA, INC.; PIZZA PROFITS, INC.; SHOW ME PIES, INC.; CLEARWATER SOCIAL CLUB, INC. d/b/a GUSANO'S CHICAGO-STYLE PIZZERIA OF CONWAY #1, INC.; THREE BUDDIES INCORPORATED; TIMOTHY CHAPPELL and BEN BIESENTHAL**