IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JACQUELINE L. CONNERS, WHITNEY KOCH,
RACHEL HOBBS, MARIA CAMPANELLI,
and CECILIE WASHBURN, individually and
on behalf of all others similarly situated                                      PLAINTIFF

v.                                          Case No. 4:14-cv-002 BSM

CATFISH PIES, INC.;
HENDRIX BRANDS, INC.; PIZZA PROFITS, INC.;
SHOW ME PIES, INC.;
THREE BUDDIES INCORPORATED;
TIMOTHY CHAPPELL; and BEN BIESENTHAL                              DEFENDANTS

**BRIEF IN SUPPORT OF HENDRIX BRANDS, INC.'S AND
TIMOTHY CHAPPELL'S MOTION FOR SUMMARY JUDGMENT**

Hendrix Brands, Inc. is owned by Timothy Chappell.  The plaintiffs allege that Hendrix

Brands and Mr. Chappell are liable for requiring them to join a tip pool that was unlawful under

the Fair Labor Standards Act ("FLSA").  Only one plaintiff was actually employed by Hendrix

Brands, and Mr. Chappell's actions do not give rise to personal liability under the FLSA.  This

Court should grant summary judgment and dismiss all claims filed by any plaintiff other than

Ms. Hobbs against Hendrix Brands.  This Court should dismiss all claims against Mr. Chappell.

**FACTUAL BACKGROUND**

The plaintiffs in this case are employees and former employees of various defendants.

The defendants own, license, or manage various Gusano's restaurants in Arkansas and Missouri.

The Gusano's restaurants are all independently owned and operated.  Ex. 1 at ¶ 7.  The plaintiffs

allege they were forced to participate in a tip pool that is illegal because it included employees

who do not customarily receive tips.  First Am. Compl., Doc. # 32 at ¶ 53-80.

Mr. Chappell owns Hendrix Brands.  Ex. 1 at ¶ 1.  Hendrix Brands has a license to operate the Gusano's restaurant in Little Rock, Arkansas ("the Little Rock Gusano's").  Mr. Chappell is not the general at the Little Rock Gusano's, and he has not been the general manager at any Gusano's location at any point during the limitations period.  Ex. 1 at ¶ 10.  Mr. Chappell does not and has never been responsible for the hiring, firing, wages, employment practices, or any other day-to-day operations of any defendant other than Hendrix Brands.  Ex. 1 at ¶ 8.  Rachelle Hobbs was employed as a server in the Little Rock Gusano's.  Ex. 1 at ¶ 9.  The remaining plaintiffs are:

- Cecilie Washburn, Cayla Harpool, Elizabeth Gregg, Hannah Mead, Kaitlyn Ratliff, Morgan Weece, Kaylee Washburn, and Vanessa Murphy, who all worked for the Joplin Gusano's;

- Whitney Koch, Maria Campanelli, Rylea Wallace, Corrin Rossborough, and Precious Teutsche, who all worked for the Bentonville Gusano's; and

- Jackie Conners, Marissa Shoemaker, Leesa Gilmer, and Amy Schichtl, who all worked for the Conway Gusano's

(collectively, "the Non-Employee Plaintiffs").  No plaintiff other than Rachelle Hobbs ever worked for the Little Rock Gusano's.  Ex. 1 at ¶ 14.

At one time, Mr. Chappell owned an interest in Catfish Pies, Inc.; Crazy Pies, Inc.; Fayetteville Pies, Inc.; Pizza Profits, Inc.; Show Me Pies, Inc.; and Three Buddies Incorporated.  Ex. 1 at ¶ 3.  Mr. Chappell sold his interest in all of those entities on October 17, 2013.  Ex. 1 at ¶ 4.  Even though he previously owned an interest in those entities, Mr. Chappell was not responsible for hiring, firing, wages, or any employment policies at any Gusano's location other than the Little Rock Gusano's.  Ex. 1 at ¶ 8.  Mr. Chappell also did not have any input into the

day-to-day operations of any Gusano's location other than the Little Rock Gusano's.  Ex. 1 at ¶ 8.  Non-Employee Plaintiffs who have been deposed testified that they were not managed by Mr. Chappell, and most of them do not even know Mr. Chappell or Hendrix Brands.  None of the Non-Employee Plaintiffs who were deposed thought Mr. Chappell had any managerial authority over them and none received any training or anything in writing from the Little Rock location. *See* See Kaylee Washburn Dep., Ex. 2 at 61:11-22, 62:7-12; Campanelli Dep., Ex. 3 at 86:15-16, 87:17-13; Conners Dep., Ex. 4 at 76:16-78:3; Gilmer Dep., Ex. 5 at 74:5-75:13; Harpool Dep., Ex. 6 at 73:12-74:9; Koch Dep., Ex. 7 at 89:10-90:5; Mead Dep., Ex. 8 at 66:11-67:11; Murphy Dep., Ex. 9 at 76:7-77:15; Cecilie Washburn Dep., Ex. 10 at 86:8-87:2; Ratliff Dep., Ex. 11 at 76:14-77:17; Rossborough Dep., Ex. 12 at 109:18-111:3; Schichtl Dep., Ex. 13 at 65:15-67:1; Shoemaker Dep., Ex. 14 at 54:2-55:7; and Teutsch Dep., Ex. 15 at 99:9-100:12, 101:20-101:25.[1]

## ARGUMENT

This Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  To avoid summary judgment, a non-moving party must demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which a [finder of fact] could reasonably find for the plaintiff."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  Not just any factual dispute will preclude summary judgment; the dispute must be "over facts that might affect the outcome of the suit under the governing law."  *Id.* at 248.

---

[1] The only plaintiffs who were not deposed are Rylea Wallace and Morgan Weece.  Plaintiffs' counsel represented that Ms. Wallace and Ms. Weece will not be providing any testimony live or by affidavit.  Ms. Wallace and Ms. Weece will not present any evidence that Mr. Chappell or Hendrix Brands were employers of any Non-Employee Plaintiff.

I.      **The Non-Employee Plaintiffs Do Not Have Standing To Sue Hendrix Brands Or Mr. Chappell.**

Hendrix Brands and Mr. Chappell cannot be held liable for actions affecting any plaintiff who was not employed by Hendrix Brands or Mr. Chappell.  The Non-Employee Plaintiffs do not having standing to sue Mr. Chappell or Hendrix Brands.

It is a basic principle of litigation that a plaintiff must have standing to maintain a lawsuit against a particular defendant.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The plaintiff's alleged injury must be fairly traceable to the specific defendant, rather than the result of the actions of another party.  *Id.* (quoting *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26 (1976).   To have standing under the FLSA, the defendant must be an employer of the plaintiff.  *See Lucas v. Jerusalem Cafe, LLC*, 721 F.3d 927, 937 (8th Cir. 2013) (explaining that plaintiffs had standing "[b]ecause the FLSA gives the workers a right to sue the employers and obtain a real remedy for a statutory wrong. . . .").

A.      **Hendrix Brands Did Not Have An Employment Relationship With Any Non-Employee Plaintiff.**

Courts in the Eastern District of Arkansas consider several factors when determining whether an employer-employee relationship exists.   *See Helmert v. Butterball, LLC*, 4:08CV00342 JLH, 2010 WL 779321 (E.D. Ark. Mar 5, 2010) (citing *Dole v. Continental Cuisine, Inc.*, 751 F.Supp. 799, 802-03 (ED. Ark. 1990); *Wirtz v. Pure Ice Co.*, 322 F.2d 259 (8th Cir. 1963); *Fruco Const. Co. v. McClelland*, 192 F.2d 241 (8th Cir. 1951)).  Courts consider the totality of the circumstances, including "the control of hiring and firing of employees, control of the manner in which work is performed, and the fixing of employee wages in determining who is the 'employer.'"  *Id*.  This test looks at the "economic reality" of the circumstances.  *Id.* (quoting *Baystate Alternative Staffing, Inc. v. Herman*, 163 F.3d 668, 675 (1st Cir. 1998)).  It is proper for

the court to examine the economic reality of the circumstances rather than "technical concepts" when determining whether a particular situation gives rise to an employer-employee relationship. *Blair v. Wills*, 420 F.3d 823, 829 (8th Cir. 2005).

This Court applied the factors listed in *Helmert* in its Order dismissing Gusano's Chicago Style Pizzeria n/k/a Kennedy's Pizzeria, Inc.; Crazy Pies, Inc.; Fayetteville Pies, Inc.; Gusano's Chicago Style Pizzeria of Bella Vista, Inc.; and Clearwater Social Club, Inc. d/b/a Gusano's Chicago-Style Pizzeria of Conway #1, Inc. (collectively, "the Dismissed Defendants"). Order, Doc. # 103. In that order, this Court held that the Dismissed Defendants did not have an employer-employee relationship with the plaintiffs because none of the Dismissed Defendants employed the plaintiffs, and none of the plaintiffs pled that the Dismissed Defendants had control over hiring or firing, wages, or the manner in which plaintiff's work is performed. Doc. # 103 at 4. Likewise, there are no disputed facts showing an employer-employee relationship between any Non-Employee Plaintiff and Hendrix Brands or Mr. Chappell.

Hendrix Brands has a license to operate the Little Rock Gusano's. Ex. 1 at ¶ 5. None of the Non-Employee Plaintiffs were ever employed by Hendrix Brands. Ex. 1 at ¶ 14. The Non-Employee Plaintiffs testified that they never worked in the Little Rock Gusano's. There is no evidence that any Non-Employee Plaintiff received any paper work, materials, or training from the Little Rock Gusano's. *See* Ex. 2, K. Washburn deposition, 61:11-22, 62:7-12; Ex. 3, Campanelli deposition, 86:15-87:5; 87:20-22; 88:8-13; Ex. 4, Conners deposition, 76:13-18, 76:19-20, 76:24-77:4, 77:5-77:24; Ex. 5, Gilmer deposition, 74:3-13, 75:14-25; Ex. 6, Harpool deposition, 73:12-19, 73:16-19, 73:25-74:3; Ex. 7, Koch deposition, 89:14-90:5; Ex. 8, Mead deposition, 66:11-67:11; Ex. 9, Murphy deposition, 76:25-77:4, 77:11-15, 79:6-10, 79:21-80:1; Ex. 10, C. Washburn deposition, 86:8-87:2; Ex. 11, Ratliff deposition, 76:14-77:17; Ex. 12,

Rossborough deposition, 109:21-110:13; Ex. 13, Schichtl deposition, 65:15-67:1; Ex. 14, Shoemaker deposition, 54:2-55:5; and Ex. 15, Teutsch deposition, 99:9-100:12, 101:20-101:25. Hendrix Brands's only license with Gusano's is to operate the Little Rock Gusano's.  It has no control over the hiring, firing, wages, or any other employment action at any other Gusano's location.  Ex. 1 at ¶8.  This Court should grant summary judgment to Hendrix Brands on the Non-Employee claims.

**B.** **Mr. Chappell Did Not Have An Employment Relationship With Any Non-Employee Plaintiff.**

The test to establish an employer-employee relationship is more demanding when applied to a corporate officer, such as Mr. Chappell.  To survive summary judgment, the plaintiff must be able to demonstrate that the corporate officer actually exercised operational control over the functions of the corporation in a manner that caused harm to the specific plaintiff rather than corporate titles or function.  *See Wirtz v. Pure Ice Co.*, 322 F.2d 259, 263 (8th Cir. 1963).

Mr. Chappell does not have an ownership interest in any defendant other than Hendrix Brands.  Ex. 1 at ¶ 6.  He does not currently, and has never exercised control over any employee of any entity other than Hendrix Brands.  Ex. 1 at ¶8.  All of the Non-Employee Plaintiffs who will give testimony in this case testified that they either did not know Mr. Chappell at all or that they did not know of any employment decisions made by Mr. Chappell that would have affected the Gusano's restaurant in which they were employed.  *See* Ex. 2, K. Washburn deposition, 61:11-22, 62:7-12; Ex. 3, Campanelli deposition, 86:15-87:5; 87:20-22; 88:8-13; Ex. 4, Conners deposition, 76:13-18, 76:19-20, 76:24-77:4, 77:5-77:24; Ex. 5, Gilmer deposition, 74:3-13, 75:14-25; Ex. 6, Harpool deposition, 73:12-19, 73:16-19, 73:25-74:3; Ex. 7, Koch deposition, 89:14-90:5; Ex. 8, Mead deposition, 66:11-67:11; Ex. 9, Murphy deposition, 76:25-77:4, 77:11-15, 79:6-10, 79:21-80:1; Ex. 10, C. Washburn deposition, 86:8-87:2; Ex. 11, Ratliff deposition,

76:14-77:17; Ex. 12, Rossborough deposition, 109:21-110:13; Ex. 13, Schichtl deposition, 65:15-67:1; Ex. 14, Shoemaker deposition, 54:2-55:5; and Ex. 15, Teutsch deposition, 99:9-100:12, 101:20-101:25.

Because Mr. Chappell has never controlled the hiring, firing, wages, or other employment practices at any Gusano's location other than the Little Rock Gusano's, the Non-Employee Plaintiffs cannot show an employer-employee relationship with Mr. Chappell. This Court should grant summary judgment as to all claims of the Non-Employee Plaintiffs against Mr. Chappell.

**C.     The Single-Enterprise Theory Is Not Relevant To The Standing Analysis.**

The plaintiffs attempt to use a single-enterprise theory throughout their pleadings and motions to impose joint and several liability on Mr. Chappell and Hendrix Brands. This theory is not relevant to the standing analysis and cannot be used to establish an employer-employee relationship where none exists.

Whether an entity is part of an "enterprise" is relevant only in determining whether an employer is covered by the FLSA. *See, e.g.*, 29 C.F.R. § 206(a) (stating employers are subject to the FLSA when the employee "is employed in an <u>enterprise</u> engaged in commerce . . .") (emphasis added). Under 29 U.S.C. § 203(r), an employer is subject to the FLSA if it is part of "an enterprise" with total revenues greater than $500,000. However, the Eleventh Circuit holds that the enterprise analysis is not used to determine whether an employer is *liable* under the FLSA. *Patel v. Wargo*, 803 F.2d 632, 637 (11th Cir. 1986). A court should not use the enterprise analysis to determine whether an employer-employee relationship exists and the plaintiff has standing.

Courts have recognized theories of joint employment, but that theory is different from the enterprise analysis. *See, e.g.*, *Morgan v. SpeakEasy, LLC*, 625 F. Supp. 2d 632 (N.D. Ill. 2007).

7

For companies to be liable as joint employers, the plaintiff must show that she "suffered injury at the hands *of each individual defendant*, even if the defendants are related corporations." *Lucas v. BMS Enterprises, Inc.*, 2010 WL 2671305 at *15 n.8 (N.D. Tex. July 1, 2010) (emphasis added).

There is no evidence to show that the Non-Employee Plaintiffs suffered an injury at the hands of Hendrix Brands or Mr. Chappell.  The vast majority of them do not even know Mr. Chappell or Hendrix Brands.  *See* Ex. 2, K. Washburn deposition, 61:11-22, 62:7-12; Ex. 3, Campanelli deposition, 86:15-87:5; 87:20-22; 88:8-13; Ex. 4, Conners deposition, 76:13-18, 76:19-20, 76:24-77:4, 77:5-77:24; Ex. 5, Gilmer deposition, 74:3-13, 75:14-25; Ex. 6, Harpool deposition, 73:12-19, 73:16-19, 73:25-74:3; Ex. 7, Koch deposition, 89:14-90:5; Ex. 8, Mead deposition, 66:11-67:11; Ex. 9, Murphy deposition, 76:25-77:4, 77:11-15, 79:6-10, 79:21-80:1; Ex. 10, C. Washburn deposition, 86:8-87:2; Ex. 11, Ratliff deposition, 76:14-77:17; Ex. 12, Rossborough deposition, 109:21-110:13; Ex. 13, Schichtl deposition, 65:15-67:1; Ex. 14, Shoemaker deposition, 54:2-55:5; and Ex. 15, Teutsch deposition, 99:9-100:12, 101:20-101:25.

The undisputed evidence is that Mr. Chappell and Hendrix Brands were not responsible for any hiring, firing, wage, or other employment decisions affecting employees at any Gusano's location other than the Little Rock Gusano's.  Plaintiffs who did not work at the Little Rock Gusano's cannot, as a matter of law, show that they suffered any injury at the hands of Hendrix Brands or Mr. Chappell.  This Court should grant summary judgment in favor of Hendrix Brands and Mr. Chappell on all claims asserted against them by the Non-Employee Plaintiffs.

## II.     Mr. Chappell Cannot Be Held Liable For Any Alleged FLSA Violations.

There are certain situations in which the Eighth Circuit has held that individuals can be personally liable for violations of employment statutes.  *See e.g.*, *Darby v. Bratch*, 287 F.3d 673 (8th Cir.2002).  The FLSA defines an employer as "any person acting directly or indirectly in the

interest of an employer in relation to an employee…" 29 U.S.C.A. § 203(d). To be held personally liable for alleged violations, "at a minimum . . . an individual employee must be 'responsible in whole or part for the alleged violation[.]'" *Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013). In *Hill*, the Eighth Circuit held that an individual supervisor was not personally liable, even though he was alleged to have the authority to fire the employee and he did not pay compensatory time to the employee when she was terminated. *Id.* In another case, the Eighth Circuit held that a company's owner and president was not personally liable for overtime violations when he had a manager who kept the books, hired and fired employees, determined employees' schedules, and set employees' wages. *Wirtz v. Pure Ice Co.*, 322 F.2d 259, 263 (8th Cir. 1963). The mere fact that the owner could have performed all those functions does not give rise to individual liability. *Id.*

There is no evidence that Mr. Chappell was responsible for the alleged illegal tip pool. Mr. Chappell was not the general manager of the Little Rock Gusano's while Ms. Hobbs was employed or at any point during the limitations period. Ex. 1 at ¶ 10. Although, as an owner, Mr. Chappell may have some authority to hire, fire, or make other employment decisions at any time, the general manager was the person who ordinarily performed those functions. Ex. 1 at ¶ 11. Mr. Chappell was not responsible for making decisions regarding Ms. Hobbs's schedule, wages, or other day-to-day employment decisions. Ex. 1 at ¶ 15. Mr. Chappell is not personally responsible for any alleged violation. He cannot be found liable individually. This Court should enter summary judgment, dismissing all claims against Mr. Chappell.

### III. Ms. Conners's state-law claims against Mr. Chappell and Hendrix Brands should be dismissed.

Ms. Conners alleges that all of the defendants failed to remit her final paycheck in compliance with Ark. Code Ann. § 11-4-405. That statute states that a final paycheck must be

issued within seven days if a terminated employee requests the final paycheck. Catfish Pies claims that it has remitted her final paycheck. Doc. #80 at 15. Even if it had not, as explained above, neither Hendrix Brands nor Mr. Chappell qualifies as Ms. Conners's employer. Ms. Conners testified that she does not know whether Mr. Chappell determined a method of payment for any employee. Ex. 4, Conners deposition at 77:11-24. There is no evidence suggesting that Hendrix Brands or Mr. Chappell had any responsibility as to Ms. Conners's final paycheck. Indeed, at the time Ms. Conners was terminated, Mr. Chappell had no ownership interest in Catfish Pies, was not employed by Catfish Pies, and had no association with Catfish Pies. *See, e.g.,* Ex. 1 at ¶ 4, 8. Because neither Hendrix Brands nor Mr. Chappell employed Ms. Conners or had anything to do with her final paycheck, Ms. Conners's state-law claims against Hendrix Brands and Mr. Chappell should be dismissed.

**IV.     Injunctive Relief Is Not Proper In This Case.**

In their Amended Complaint, plaintiffs ask the Court to "[e]nter a permanent injunction restraining and prevent[ing] Gusano's from withholding the compensation that is due to their employees, from retaliating against any of them for taking part in this action, and from further violating their rights under the Fair labor Standards Act." The plain language of the FLSA indicates that the Secretary of Labor is the only party that can seek an injunction under the FLSA, except in cases involving child labor. 29 U.S.C. § 211(a). In a case directly on point, the Eighth Circuit held that, under the FLSA, "an employee's action can be maintained only to recover back wages and liquidated damages and not to obtain injunctive relief against future violations; only the Secretary is vested with the authority to seek an injunction." *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 750 F.2d 47, 51 (8th Cir. 1984).

All of the plaintiffs in this case are individuals.  Their request for an injunction against Hendrix Brands and Mr. Chappell must be dismissed.

## CONCLUSION

Hendrix Brands did not employ any plaintiff other than Ms. Hobbs.  Mr. Chappell has never been responsible for the hiring, firing, wages, employment practices, or day-to-day operations of any defendant other than Hendrix Brands.  Further, Mr. Chappell did not make employment decisions regarding Ms. Hobbs's employment as a server at the Little Rock Gusano's.  All the plaintiffs' claims should be dismissed as to Mr. Chappell, and all of the Non-Employee Plaintiffs' claims should be dismissed as to Hendrix Brands.  Finally, only the Secretary of Labor can seek an injunction in this context, so the claim for an injunction against Mr. Chappell and Hendrix Brands should be dismissed.

QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas  72201
Telephone:  (501) 379-1700
Facsimile:  (501) 379-1701
cchiles@qgtlaw.com
jfalasco@qgtlaw.com
adtanner@qgtlaw.com


By:  /s/ Joseph R. Falasco
     E. B. Chiles IV (96179)
     Joseph R. Falasco (2002163)
     Amber Davis-Tanner (2011141)

*Attorneys for Hendrix Brands, Inc. and Timothy Chappell*

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

- **Matthew Michael Ford**
  matthew@johnholleman.net,ford.matthewm@gmail.com

- **James Matthew Gary**
  james.gary@kutakrock.com,vicki.weatherford@kutakrock.com

- **Genoveva Gilbert**
  genoveva.gilbert@kutakrock.com,vicki.weatherford@kutakrock.com

- **John Holleman**
  jholleman@johnholleman.net,jeanette@johnholleman.net,clerk2@johnholleman.net,tim@johnholleman.net,matthew@johnholleman.net,maryna@johnholleman.net,jerry@johnholleman.net

- **Ashley R. Hudson**
  ashley.hudson@kutakrock.com,cassy.peters@kutakrock.com

- **Maryna O. Jackson**
  maryna@johnholleman.net,jeanette@johnholleman.net,tim@johnholleman.net,jacksonmaryna@yahoo.com,jholleman@johnholleman.net

- **Matthew Scott Jackson**
  scott.jackson@kutakrock.com,rachel.goodpaster@kutakrock.com,andi.berry@kutakrock.com

- **Timothy A. Steadman**
  tim@johnholleman.net,tsteadma@gmail.com,tina@johnholleman.net,maryna@johnholleman.net,jerry@johnholleman.net,jholleman@johnholleman.net

/s/ Joseph R. Falasco
Joseph R. Falasco

13