IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JACQUELINE L. CONNERS, et al. PLAINTIFFS

v. Case No. 4:14-cv-002 BSM

CATFISH PIES, INC., et al. DEFENDANTS

**BRIEF IN SUPPORT OF HENDRIX BRANDS, INC.'S AND TIMOTHY CHAPPELL'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Hendrix Brands, Inc. is owned by Timothy Chappell. The plaintiffs allege that Hendrix Brands and Mr. Chappell are liable for requiring them to participate in a tip pool that was unlawful under the Fair Labor Standards Act ("FLSA") and have moved for summary judgment on these claims. The plaintiffs are not entitled to summary judgment because there are material questions of fact regarding whether the tip pool was unlawful. In addition, there are materially questions of fact regarding whether any alleged unlawful practice was willful or in bad faith. Moreover, plaintiffs' attempt to extend their claims across separate businesses through a single-enterprise theory is unsupported by law. And, Mr. Chappell's relationships with the various defendants do not give rise to personal liability under the FLSA. This Court should deny plaintiffs' motion for summary judgment.[1]

[1] On December 15, 2014, Hendrix Brands and Mr. Chappell filed a motion for summary judgment and a motion to sever or decertify. Docs. # 124, 126, and 127. On the same day, the Biesenthal Defendants filed a motion for summary judgment, a motion for partial summary judgment, and briefs in support of those motions. Docs. # 120-123 and 125. Hendrix Brands and Mr. Chappell adopt by reference all arguments made in the motions and briefs in support filed by Hendrix Brands, Mr. Chappell, and the Biesenthal Defendants. *See* Fed. R. Civ. P. 10(c).

## FACTUAL BACKGROUND

The plaintiffs in this case are employees and former employees of various defendants. The defendants own, license, or manage various Gusano's branded restaurants in Arkansas and Missouri. The Gusano's restaurants are all independently owned and operated. December 15, 2014, Chappell Aff., Ex. 2 at ¶ 7. Plaintiffs allege they were forced to participate in tip pools that were unlawful because they included kitchen employees who allegedly did not customarily receive tips. First Am. Compl., Doc. # 32 at ¶ 53-80.

Hendrix Brands has a license to operate the Gusano's branded restaurant in Little Rock, Arkansas ("the Little Rock Gusano's"). Mr. Chappell owns Hendrix Brands. December 15, 2014, Chappell Aff., Ex. 2 at ¶ 1. Mr. Chappell is not the general manager at the Little Rock Gusano's, and he has not been the general manager at any Gusano's location at any point during the limitations period. December 15, 2014, Chappell Aff., Ex. 2 at ¶ 10. Mr. Chappell does not and has never been responsible for the hiring, firing, wages, employment practices, or any other day-to-day operations of any defendant other than Hendrix Brands. December 15, 2014, Chappell Aff., Ex. 2 at ¶ 8.

Servers at the Little Rock Gusano's voluntarily agreed to participate in a tip pool. *See, e.g.*, Tip-Pooling Agreement, Ex. 3. The Tip Pool Agreement in effect before October 17, 2013 states: "I am aware that it is not a law or legal obligation to participate but choose to contribute in order to show appreciation to my fellow co-workers for their help and the work they provide to assist me with my job on a daily basis." Tip-Pooling Agreement, Ex. 3. After each shift, servers contributed a portion of their tips to the tip pool and the pool was distributed to hostesses, bartenders, and kitchen staff at the end of each week. January 5, 2015, Chappell Aff., Ex. 1 at ¶ 13. The kitchen employees received tips in connection with their work on catering and delivery

orders and were responsible for assisting servers with tables when necessary. January 5, 2015, Chappell Aff., Ex. 1 at ¶ 14. If any money remained in the tip pool after the distribution, the excess was saved for the following week's distribution, and the excess was always distributed in accordance with the tip pool. January 5, 2015, Chappell Aff., Ex. 1 at ¶ 18. If the tip pool was insufficient to cover distributions, Hendrix Brands supplied the difference. January 5, 2015, Chappell Aff., Ex. 1 at ¶ 19. There was excess money in the tip pool on very rare occasions, and always in small amounts. January 5, 2015, Chappell Aff., Ex. 1 at ¶ 20. No excess money from the tip pool was ever retained for the profit of Hendrix Brands or Mr. Chappell, and Mr. Chappell never used any excess for his personal use. January 5, 2015, Chappell Aff., Ex. 1 at ¶ 22-23.

## ARGUMENT

Summary judgment is only appropriate when the court finds there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Culpepper v. Schafer*, 548 F.3d 1119, 1122 (8th Cir. 2008); *Wolfley v. Solectron USA, Inc.*, 541 F.3d 819, 823 (8th Cir. 2008). In making this determination, the court draws all inferences most favorably to the nonmoving party. *Id.* "A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party." *Miner v. Local 373*, 513 F.3d 854, 860 (8th Cir. 2008). Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge reviewing a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.").

## I. Whether The Tip Pool At The Little Rock Gusano's Was Unlawful Is, At A Minimum, A Question Of Fact.

Plaintiffs argue the tip pool was unlawful for three reasons: it was not voluntary, it included kitchen employees who plaintiffs allege did not customarily receive tips, and it included members of management. There are genuine issues of material fact regarding all three of these arguments, and plaintiffs are not entitled to summary judgment.

### A. The Tip Pool Was Voluntary.

A voluntary tip pool is lawful and can include all employees, regardless of whether they customarily receive tips. *See* 29 C.F.R. § 531.54. A tip pool is not voluntary when "an employer forces its employees receiving tips directly from customers to contribute to a tip pool." *Turner v. Millennium Park Joint Venture, LLC*, 767 F.Supp.2d 951, 954 (N.D. Ill. 2011). The *Turner* case involved a tip pool that included silverware rollers, who did not have direct interaction with customers. *Id.* Servers were required to tip out, and $3 from each server was given to each silverware roller. *Id.* The servers never explicitly volunteered to tip out. *Id.* The court held as a matter of law that the tip pool was valid under the FLSA and granted summary judgment to the employer. *Id.* at 955.

Likewise, in this case, the tip pool at the Little Rock Gusano's was voluntary. In general, servers who entered into the tip pool acknowledged that the tip pool was voluntary by affirming, "I am aware that it is not a law or legal obligation to participate but choose to contribute in order to show appreciation to my fellow co-workers for their help and the work they provide to assist me with my job on a daily basis." Tip-Pooling Agreement, Ex. 3. Mr. Biesenthal testified that servers were not required to sign the Tip Pool Agreement. Biesenthal Dep., Ex. 4 at 114:3-10. He also testified that he knew of servers from Gusano's locations who "chose not to tip-out." Biesenthal Dep., Ex. 4 at 114:21. Ms. Bryant, who drafted the Tip Pool Agreement that was

used at the Little Rock Gusano's until December 2013 also testified that the intent of the Tip Pool Agreement was to show proof that the severs "volunteered" to participate in the tip pool. Bryant Dep., Ex. 5 at 68:8-9.

Plaintiffs claim that certain servers complained about the tip pool, and that proves the tip pool was mandatory. Pltf's Br. in Sup. of Mot. for Sum. J., Doc # 116 at 18. However, Rachelle Hobbs is the only plaintiff who worked at the Little Rock Gusano's, and she testified she had no objection to tipping out. Hobbs Dep., Ex. 6 at 26:11-12. There is no evidence that any server from Little Rock ever complained to Mr. Chappell or any other agent of Hendrix Brands about the tip-pooling agreement. In addition, notice was sent to all former and current servers working for Hendrix Brands during the limitations period. The notice described the lawsuit as an action in which the plaintiffs alleged they were "required" to contribute to a tip pool and defendants maintained the tip pool was "voluntary." Doc. # 88(d). No server from the Little Rock Gusano's joined in plaintiffs' claim that the tip pool was mandatory.

Construing the evidence in the light most favorable to Hendrix Brands and Mr. Chappell, the tip pool was voluntary and, therefore, not a violation of the FLSA. At a minimum, there is a question of fact about whether the tip pool was voluntary. Plaintiffs' motion for summary judgment should be denied.

### B. There Remains A Question Of Fact As To Whether The Kitchen Employees Participating In The Tip Pool Customarily Receive Tips.

By law, an involuntary tip pool can include "those employees who customarily and regularly receive tips." 29 C.F.R. § 531.54. An employee who customarily and regularly receives tips is any employee who typically receives more than $30 per month in tips. 29 C.F.R. § 531.57. The employee does not have to receive more than $30 every month because the regulations state that the frequency of receiving tips can be "less than constant." *Id.* The

regulations do not state that certain employees, such as cooks, are always barred from mandatory tip pools. When determining whether employees customarily and regularly receive tips, the degree of direct customer interaction is "highly relevant." *See Roussell v. Brinker Int'l, Inc.*, 441 F. App'x 222, 231 (5th Cir. 2011) (applying a "direct-customer-interaction" test to employees who never had customer interaction and holding they were not customarily and regularly tipped).

Here, a question of fact remains as to whether the kitchen employees who were included in the tip pool customarily and regularly received tips. Determining whether employees are properly included in a mandatory tip pool requires "an *ad hoc* analysis of an employee's duties, rather than a *per se* determination based upon an employee's job title." *Pedigo v. Austin Rumba, Inc.*, 722 F. Supp. 2d 714, 730 (W.D. Tex. 2010). The "Kitchen Procedures" section of the Little Rock Gusano's employee manual states that kitchen workers should always help with to-go orders and tables when needed during both the lunch and dinner shifts. Little Rock Gusano's Employee Manual, Ex. 7 at HB000118-119. Additionally, the Little Rock Gusano's employee manual states that "kitchen staff who work the floor" must have neatly groomed facial hair. Little Rock Gusano's Employee Manual, Ex. 7 at HB000105. The jury could consider members of the kitchen staff to be regularly and customarily tipped, even if those tips are not received on a daily basis.

Even more importantly, the kitchen staff did in fact receive tips. An employee "customarily and regularly receives tips" when that employee receives tips on a regular basis from customers or "from other employees who themselves receive direct customer tips." *Turner v. Millennium Park Joint Venture, LLC*, 767 F.Supp.2d 951, 953 (N.D. Ill. 2011). In *Turner*, summary judgment was granted to the employer where the facts showed that silverware rollers, who had no contact with customers, received voluntary tips from the servers in the restaurant.

*Id.* Mr. Biesenthal testified that it was a "common practice" for kitchen workers to receive tips—above and beyond the tips distributed from the tip pool—for their assistance. Biesenthal Dep., Ex. 4 at 160:9-18. Kitchen employees also received tips in connection with their work on catering and delivery orders, and they were responsible for assisting servers with tables when necessary. January 5, 2015, Chappell Aff., Ex. 1 at ¶ 14.

Plaintiffs rely on cases in which the kitchen workers had very little or no interaction with customers. *See Myers v. Copper Cellar Corp.*, 192 F.3 546, 550 (11th Cir. 1999) (discussing salad preparers who "abstained from *any* direct intercourse with diners, worked *entirely* outside the view of restaurant patrons, and *solely* performed duties traditionally classified as food preparation or kitchen support work") (emphasis added); *Mould v. NJG Food Serv.*, __ F.Supp.2d __, 2014 WL 3943693, at *5 (D. Md. Aug. 12, 2014) (discussing workers who, when "not on counter help duty[,]" "abstained from *any* direct intercourse with diners, worked *entirely* outside the view of patrons, and *solely* performed duties traditionally classified as food preparation or kitchen support work") (emphasis added); *Rubio v. Fuji Sushi & Teppani, Inc.*, 2013 WL 230216, at *3 (M.D. Fla. Jan. 22, 2013) (discussing workers who "engaged with customers *only* when a customer had a complaint or asked to compliment the chef") (emphasis added); *Pedigo v. Austin Rumba, Inc.*, 722 F. Supp. 2d 714 (W.D. Tex. 2010) (discussing dishwashers and preparation cooks whose primary duties did not include any direct customer interaction and who were not observed receiving tips). None of the cases plaintiffs cite are applicable here. The final case plaintiffs cite is an opinion deciding a motion for default judgment under Federal Rule of Civil Procedure 55(b)(2). *See Wicaksono v. XYZ 48 Corp.*, 2011 WL 2022644, at *1 (S.D.N.Y. May 2, 2011). Because *Wicaksono* involved a case in which no

discovery was conducted, the Court could not conduct an *ad hoc* analysis of the workers' job duties and was forced to rely solely on the workers' job title. Plaintiffs' cases are inapposite.

Here, there is evidence that kitchen staff actually received tips and their job description stated that they were to have direct customer interaction. Because there are disputed material facts about whether the kitchen workers regularly and customarily receive tips, this Court should deny plaintiffs' motion for summary judgment.

    **C.    The Tip Pool Was Not Distributed Improperly To Management Or Retained By Hendrix Brands.**

        **i.    Managers Did Not Participate In Tip-Pool Distributions.**

Plaintiffs argue that the tip pool was invalid because "management at each Gusano's restaurant" received $1 per hour from the tip out. Pltf's Br. in Sup. of Mot. for Sum. J., Doc # 116 at 15. Plaintiffs only claim that kitchen managers received funds from the tip pool. Pltf's Br. in Sup. of Mot. for Sum. J., Doc # 116 at 15. The Little Rock Gusano's did not have kitchen managers. January 5, 2015, Chappell Aff., Ex. 1 at ¶ 15. Instead, the Little Rock Gusano's had shift managers and a general manager. January 5, 2015, Chappell Aff., Ex. 1 at ¶ 16. None of the managers received distributions from the tip pool. January 5, 2015, Chappell Aff., Ex. 1 ¶ at 17. Plaintiffs present no evidence—and there is none—that managers from the Little Rock Gusano's received distributions from the tip pool.

        **ii.    Mr. Chappell And Hendrix Brands Did Not "Retain" Tips.**

An employer cannot "retain" tips outside a lawful tip pool. 29 C.F.R. § 531.54. An employer cannot receive a share from a tip pool for his own personal use. *See Gionfriddo v. Jason Zink, LLC*, 769 F. Supp. 2d 880, 894 (D. Md. 2011). In *Gionfriddo*, the court held that a tip pool was invalid when the sole owner of the business kept a share of the tips for himself. *Id.*

However, the court ruled that that it is possible "to be an employer under the FLSA and at the same time share in a tip pool." *Id*.

Here, neither Hendrix Brands nor Mr. Chappell "retained" tips. In very rare circumstances the tip-out would exceed the amount paid to the members of the tip pool. *See, e.g.*, Weekly Tip Out Collection Record, July 16-July 22, Ex. 8. This amount did not exceed $39. Weekly Tip Out Collection Record, July 23-July 29, Ex. 9. The excess amount was saved for the next tip-out. January 5, 2015, Chappell Aff., Ex. 1 at ¶ 18. It was much more common for Hendrix Brands to supplement the tip pool to provide sufficient funds for the tip out. January 5, 2015, Chappell Aff., Ex. 1 at ¶ 21. Neither Hendrix Brands nor Mr. Chappell ever profited from the rare, small excess amounts saved for the next the tip out. January 5, 2015, Chappell Aff., Ex. 1 at ¶ 22. Additionally, Mr. Chappell, the owner of Hendrix Brands, never received any distribution of money from the tip pool. January 5, 2015, Chappell Aff., Ex. 1 at ¶ 23.

## II. The Undisputed Material Facts Do Not Establish Mr. Chappell and Hendrix Brands Willfully Violated The FLSA.

Plaintiffs next argue that they are entitled to summary judgment on the issue of willfulness. Pltf's Br. in Sup. of Mot. for Sum. J., Doc # 116 at 20-25. Willful violations of the FLSA extends the two year statute of limitations to three years. *See* 29 U.S.C. § 255(a). For a violation to be willful, the plaintiff must prove "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133 (1988). Mere negligence or failure to seek

legal advice about a specific handbook provision is not sufficient to prove willfulness. *See Id.* at 134-35.[2]

Even though plaintiffs devote five pages of their brief to this issue, they cite no evidence showing that Hendrix Brands or Mr. Chappell knew or showed reckless disregard for whether the tip pool at the Little Rock Gusano's was lawful. Plaintiffs rely solely on testimony by Mr. Biesenthal and Ms. Bryant, an e-mail from Ms. Bryant, and records from Department of Labor investigations about completely unrelated issues. Mr. Chappell was not present at any of the meetings with the Department of Labor and has no first-hand knowledge of any discussions at those meetings. January 5, 2015, Chappell Aff., Ex. 1 at ¶ 25. The investigator notes from the U.S. Department of Labor show that only Mr. Biesenthal, Ms. Bryant, and the Department were present at the meetings. DOL Narrative for Case No. 1643119, Ex. 10 at 5 and DOL Narrative for Case No. 1631488, Ex. 11 at 5. The Arkansas Department of Labor investigation involved only the Bentonville Gusano's. AR DOL Investigation Report, Ex. 12 at 2. Further, plaintiffs cannot show any reason that the Arkansas Department of Labor investigation in Northwest Arkansas involving an Arkansas statute would indicate to Mr. Chappell or Hendrix Brands that the Little Rock Gusano's might be violating the FLSA.

The tip-pooling policy at the Little Rock Gusano's was lawful. Mr. Chappell had no notice that that the tip-pooling policy might be unlawful. Neither Mr. Chappell nor Hendrix Brands were ever notified by the Department of Labor of a possible violation of the Little Rock

[2] The Biesenthal Defendants filed a Motion for Partial Summary Judgment and Brief in on December 15, 2014 and argued that they are entitled to summary judgment on this issue because their behavior was not willful. Docs. # 122 and 123. Hendrix Brands and Mr. Chappell adopted that Motion for Partial Summary Judgment and Brief in Support because the arguments apply equally to Hendrix Brands and Mr. Chappell. Doc. # 133. Hendrix Brands and Mr. Chappell adopt and incorporate in this response the arguments made in Docs. # 122 and 123. *See* Fed. R. Civ. P. 10(c).

Gusano's tip policy. January 5, 2015, Chappell Aff., Ex. 1 at ¶ 24. Ms. Hobbs herself testified she never objected to the tip-pooling agreement. Hobbs Dep., Ex. 6 at 26:11-12. There is no evidence that Mr. Chappell or Hendrix Brands acted in reckless disregard of the FLSA. Even if this Court held that Mr. Biesenthal's or Ms. Bryant's conduct could be imputed to Hendrix Brands, there is no evidence of knowledge or reckless disregard. Mr. Biesenthal and Ms. Bryant both testified that they discussed the tip-pooling agreement with a representative from the U.S. Department of Labor and that the representative told them that the tip-pool was lawful if it was voluntary. Biesenthal Dep., Ex. 4 at 162:13-25; Bryant Dep., Ex. 5 at 30:18-31:5. Ms. Bryant drafted the Tip Pooling Agreement to allow the servers to confirm that the agreement was voluntary. Bryant Dep., Ex. 5 at 68:8-9.

The tip-pooling agreement was lawful. Moreover, there is no evidence that Mr. Chappell or Hendrix Brands knew it was unlawful. There is also no evidence that Mr. Chappell or Hendrix Brands acted in reckless disregard of the FLSA's provisions regarding tip pooling. Plaintiffs' burden is high when seeking summary judgment on the issue of willfulness. At a minimum, whether there was any willful conduct by Mr. Chappell or Hendrix Brands is a question of fact. *See, e.g., Caraballo v. City of Chicago*, 969 F. Supp. 2d 1008, 1025 (N.D. Ill. 2013) ("Although whether an employer has acted willfully is a question of fact, the plaintiff must present sufficient evidence of willfulness to survive summary judgment.") Plaintiffs are not entitled summary judgment that Mr. Chappell or Hendrix Brands willfully violated the FLSA, and the statute of limitations on this action should remain two years.

## III. Whether Plaintiffs Are Entitled To Liquidated Damages Is A Matter Of Disputed Fact.

The FLSA provides that an employer is not liable for liquidated damages if it acted "in good faith." 29 U.S.C. § 260. The Court should not award liquidated damages when the

employer shows that it had "good faith and reasonable grounds for believing that it was not in violation of the FLSA." *Braswell v. City of El Dorado*, 187 F.3d 954, 957 (8th Cir. 1999).[3]

Plaintiffs again rely on Mr. Biesenthal's purported behavior to argue that they are entitled to liquidated damages against Hendrix Brands and Mr. Chappell. However, there is no evidence that Mr. Chappell or Hendrix Brands ever acted without good faith or without reasonable grounds for the tip-pooling policy at the Little Rock Gusano's. Pltf's Br. in Sup. of Mot. for Sum. J., Doc # 116 at 125-28. To the contrary, neither Mr. Chappell nor Hendrix Brands were ever notified by the Department of Labor of a possible violation of the Little Rock Gusano's tip policy. January 5, 2015, Chappell Aff., Ex. 1 at ¶ 24. And, Mr. Chappell was informed by Mr. Biesenthal at a time that Mr. Biesenthal was an owner of the Little Rock Gusano's that the Department of Labor informed him that the Little Rock Gusano's should document its procedures for having a voluntary tip pool. January 5, 2015, Chappell Aff., Ex. 1 at ¶ 26. Moreover, the sole plaintiff employee of Hendrix Brands never objected to the tip-pooling agreement. Hobbs Dep., Ex. 6 at 26:11-12.

Plaintiffs are not entitled to any damages from Hendrix Brands or Mr. Chappell, and they are not entitled to liquidated damages as a matter of law. At a minimum, there exists a question of fact as to whether Hendrix Brands or Mr. Chappell acted in good faith, and summary judgment is improper when there is a question of fact regarding good faith. *See Viciedo v. New Horizons Computer Learning Center of Columbus, Ltd.*, 246 F. Supp. 2d 886, 906 (S.D. Ohio

[3] The Biesenthal Defendants filed a Motion for Partial Summary Judgment and Brief in Support on December 15, 2014 and argued that they are entitled to summary judgment on this issue because their behavior was reasonable and in good faith. Docs. # 122 and 123. Hendrix Brands and Mr. Chappell adopted that Motion for Partial Summary Judgment and Brief in Support because the arguments apply equally to Hendrix Brands and Mr. Chappell. Doc. # 133. Hendrix Brands and Mr. Chappell adopt and incorporate in this response the arguments made in Docs. # 122 and 123. *See* Fed. R. Civ. P. 10(c).

2003) (denying summary judgment on the issue of good faith because "a question of fact exists" on the issue). Plaintiffs' motion for summary judgment should be denied.

## IV. The Undisputed Material Facts Do Not Establish Hendrix Brands And Mr. Chappell Are Jointly And Severally Liable Under The Fair Labor Standards Act.

Plaintiffs attempt to argue that all the defendants are jointly and severally liable for plaintiffs' alleged damages.[4] To establish the purported joint and several liability, plaintiffs attempt to use a single-integrated-enterprise theory. This theory cannot be used to establish an employer-employee relationship where none exists. Plaintiffs do not cite any cases in which a court imposed joint and several liability on business entities and their owners when the individual business entity or owner had no employer-employee relationship with the plaintiff. Additionally, plaintiffs do not cite a single case from the Eighth Circuit in which one entity is found jointly liable merely because it has some common ownership with a separate entity that actually employed a plaintiff. Plaintiffs rely on *Perez-Benites v. Candy Brand, LLC* for their enterprise theory. 2011 WL 1978414 (W.D. Ark. May 20, 2011). *Perez-Benites* is inapposite. In that case, two entities were found to be actual employers of the same employees. Unlike the situation in this case, one entity was a parent company for the other entity and both entities exercised significant control over the employees' work. *Id.* at *11. There is absolutely no evidence in this case that multiple entities controlled the work of any individual server or plaintiff.

[4] Hendrix Brands and Mr. Chappell moved for summary judgment on this issue on December 15, 2014. Docs. # 124 and 126. The Biesenthal Defendants also moved for summary judgment on this issue on the same day. Docs. # 120 and 121. Hendrix Brands and Mr. Chappell adopted the Biesenthal Defendants' arguments regarding this issue because they apply equally to Hendrix Brands and Mr. Chappell. Doc. # 133. Hendrix Brands and Mr. Chappell adopt and incorporate in this response the arguments made in Docs. # 124 and 126. *See* Fed. R. Civ. P. 10(c).

Plaintiffs' reliance on *Takacs v. Hahn Automotive Corp.* 1999 WL 33117265, at *4 (S.D. Ohio Jan. 4, 1999) is equally misplaced. In that case, the district court analyzed whether "to treat a parent corporation and its subsidiary as separate entities, or as a single employer, for purposes of statutory liability." *Id.* There is no evidence in this case that there was a parent-subsidiary relationship between any of the separate entities owning the rights to operate a Gusano's branded restaurant.

Whether an entity is part of an "enterprise" is relevant only in determining if an employer is covered by the FLSA. *See, e.g.*, 29 C.F.R. § 206(a) (stating employers are subject to the FLSA when the employee "is employed in an *enterprise* engaged in commerce . . .") (emphasis added). Under 29 U.S.C. § 203(r), an employer is subject to the FLSA if it is part of "an enterprise" with total revenues greater than $500,000. However, the Eleventh Circuit holds that the enterprise analysis is not used to determine whether an employer is *liable* under the FLSA. *Patel v. Wargo*, 803 F.2d 632, 637 (11th Cir. 1986). A court should not use the enterprise analysis to determine whether an employer-employee relationship exists and the plaintiff has standing.

Courts have recognized theories of joint employment, but that theory is different from the enterprise analysis. *See, e.g., Morgan v. SpeakEasy, LLC*, 625 F. Supp. 2d 632 (N.D. Ill. 2007). For companies to be liable as joint employers, the plaintiff must show that she "suffered injury at the hands *of each individual defendant*, even if the defendants are related corporations." *Lucas v. BMS Enterprises, Inc.*, 2010 WL 2671305 at *15 n.8 (N.D. Tex. July 1, 2010) (emphasis added). Here, there is no evidence to show that plaintiffs suffered an injury at the hands of Hendrix Brands or Mr. Chappell. The vast majority of them do not even know Mr. Chappell or Hendrix Brands. *See* Campanelli dep., Ex. 13 at 86:15-87:5; 87:20-22; 88:8-13; Conners Dep., Ex. 14, at 76:13-18, 76:19-20, 76:24-77:4, 77:5-77:24; Gilmer dep., Ex. 15 at 74:3-13, 75:14-25; Harpool

Dep., Ex. 16 at 73:12-19, 73:16-19, 73:25-74:3; Koch dep., Ex. 17 at 89:14-90:5; Mead dep., Ex. 18 at 66:11-67:11; Murphy dep., Ex. 19 at 76:25-77:4, 77:11-15, 79:6-10, 79:21-80:1; Ratliff dep., Ex. 20 at 76:14-77:17; Rossborough dep., Ex. 21 at 109:21-110:13; Schichtl dep., Ex. 22 at 65:15-67:1; Shoemaker dep., Ex. 23 at 54:2-55:5; Teutsch dep., Ex. 24 at 99:9-100:12, 101:20-101:25; C. Washburn dep., Ex. 25 at 86:8-87:2; and K. Washburn dep., Ex. 26 at 61:11-22, 62:7-12.

The undisputed evidence is that neither Mr. Chappell nor Hendrix Brands were responsible for any hiring, firing, wage, or other employment decisions affecting employees at any Gusano's location other than the Little Rock Gusano's. Plaintiffs who did not work at the Little Rock Gusano's cannot, as a matter of law, show that they suffered any injury at the hands of Hendrix Brands or Mr. Chappell. Although Mr. Chappell did have an ownership interest in Catfish Pies, Inc., Pizza Profits, Inc., Show Me Pies, Inc., and Three Buddies Incorporated until October 17, 2013, a mere common ownership interest does not establish joint and several liability in an FLSA case. *See Patel v. Wargo*, 803 F.2d 632, 634-638 (7th Cir. 1986) (holding that an entity was not jointly liable for possible FLSA violations of another entity, even though the entities were both owned by the same two individuals). All the Gusano's locations were independently owned and operated. December 15, 2014, Chappell Aff., Ex. 2 at ¶ 7. And, the tip-pooling policies at the Gusano's locations were different. Bryant Dep., Ex. 5 at 72:1-2.

This Court should reject Plaintiff's theory of joint and several liability. There is no evidence that Mr. Chappell or Hendrix Brands had an employer-employee relationship with any plaintiff other than Ms. Hobbs, and this Court should deny plaintiffs' motion for summary judgment.

## V. Mr. Chappell's Actions Do Not Give Rise To Personal Liability.

Plaintiffs argue that Mr. Chappell is individually liable as an "employer" under the FLSA. Pltf's Br. in Sup. of Mot. for Sum. J., Doc # 116 at 36. However, plaintiffs provide no evidentiary support for their claim. This Court should deny plaintiffs' motion for summary judgment against Mr. Chappell in his individual capacity.[5]

There are certain situations in which the Eighth Circuit has held individuals can be personally liable for violations of employment statutes. *See e.g., Darby v. Bratch*, 287 F.3d 673 (8th Cir.2002). The FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C.A. § 203(d). To be held personally liable for alleged violations, "at a minimum . . . an individual employee must be 'responsible in whole or part for the alleged violation[.]'" *Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013). In *Hill*, the Eighth Circuit held that an individual supervisor was not personally liable, even though he was alleged to have the authority to fire the employee and he did not pay compensatory time to the employee when she was terminated. *Id.* In another case, the Eighth Circuit held that a company's owner and president was not personally liable for overtime violations when he had a manager who kept the books, hired and fired employees, determined employees' schedules, and set employees' wages. *Wirtz v. Pure Ice Co.*, 322 F.2d 259, 263 (8th Cir. 1963). The mere fact that the owner could have performed all those functions does not give rise to individual liability. *Id.*

There is no evidence that Mr. Chappell was responsible for the alleged unlawful tip pool. In fact, plaintiffs request individual liability against Mr. Chappell only in a footnote. Pltf's Br. in

[5] Hendrix Brands and Mr. Chappell moved for summary judgment on this issue on December 15, 2014. Docs. # 124 and 126. Hendrix Brands and Mr. Chappell adopt and incorporate in this response the arguments made in Docs. # 124 and 126. *See* Fed. R. Civ. P. 10(c).

Sup. of Mot. for Sum. J., Doc # 116 at 36, fn 1.  Plaintiffs offer no evidence or analysis—because there is none—that could prove Mr. Chappell is individually liable simply because he held the liquor permits for the Little Rock Gusano's and Conway Gusano's until 2013.  Mr. Chappell was never responsible for the hiring, firing, wages, or any other day-to-day operations of any Gusano's restaurant other than the one in Little Rock.  December 15, 2014, Chappell Aff., Ex. 2 at ¶ 8.  The only plaintiff with any connection to the Little Rock Gusano's is Ms. Hobbs.  Mr. Chappell was not the general manager of the Little Rock Gusano's while Ms. Hobbs was employed or at any point during the limitations period.  December 15, 2014, Chappell Aff., Ex. 2 at ¶ 10.  Mr. Chappell's held the liquor license for the Conway Gusano's only until October 2013, when he resigned that position.  January 5, 2015, Chappell Aff., Ex. 1 at ¶ 7.  There is no law to suggest that holding a liquor license makes a person an "employer" under the FLSA who is subject to personal liability.  Although Mr. Chappell may have some authority to hire, fire, or make other employment decisions at any time at the Little Rock Gusano's as an owner, the general manager was the person who ordinarily performed those functions.  December 15, 2014, Chappell Aff., Ex. 2 at ¶ 11.  Mr. Chappell was not responsible for making decisions regarding Ms. Hobbs's schedule, wages, or other day-to-day employment decisions.  December 15, 2014, Chappell Aff., Ex. 2 at ¶ 15.  Mr. Chappell is not personally responsible for any alleged violation.  He cannot be found liable individually.

There is no evidence that Mr. Chappell was individually responsible for the FLSA violations alleged in this case.  This Court should deny plaintiffs' motion for summary judgment and should dismiss all claims against Mr. Chappell.

## CONCLUSION

Plaintiffs attempt to obtain summary judgment against Mr. Chappell and Hendrix Brands relying primarily on allegations against other defendants. The tip-pooling agreement in place at the Little Rock Gusano's was lawful because it was voluntary. Even if it was not voluntary, the tip-pooling agreement included only eligible employees. There is no evidence that Mr. Chappell or Hendrix Brands willfully or recklessly allowed the tip-pool agreement, or that they acted without good faith. Hendrix Brands only employed Ms. Hobbs, and neither Hendrix Brands nor Mr. Chappell can be liable to any other plaintiff. This Court should deny plaintiffs' motion for summary judgment.

        QUATTLEBAUM, GROOMS & TULL PLLC
        111 Center Street, Suite 1900
        Little Rock, Arkansas 72201
        Telephone: (501) 379-1700
        Facsimile: (501) 379-1701
        cchiles@qgtlaw.com
        jfalasco@qgtlaw.com
        adtanner@qgtlaw.com


By: /s/ Joseph R. Falasco
    E. B. Chiles IV (96179)
    Joseph R. Falasco (2002163)
    Amber Davis-Tanner (2011141)

*Attorneys for Hendrix Brands, Inc. and Timothy Chappell*

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

- **Matthew Michael Ford**
  matthew@johnholleman.net,ford.matthewm@gmail.com

- **James Matthew Gary**
  james.gary@kutakrock.com,vicki.weatherford@kutakrock.com

- **Genoveva Gilbert**
  genoveva.gilbert@kutakrock.com,vicki.weatherford@kutakrock.com

- **John Holleman**
  jholleman@johnholleman.net,jeanette@johnholleman.net,clerk2@johnholleman.net,tim@johnholleman.net,matthew@johnholleman.net,maryna@johnholleman.net,jerry@johnholleman.net

- **Ashley R. Hudson**
  ashley.hudson@kutakrock.com,cassy.peters@kutakrock.com

- **Maryna O. Jackson**
  maryna@johnholleman.net,jeanette@johnholleman.net,tim@johnholleman.net,jacksonmaryna@yahoo.com,jholleman@johnholleman.net

- **Matthew Scott Jackson**
  scott.jackson@kutakrock.com,rachel.goodpaster@kutakrock.com,andi.berry@kutakrock.com

- **Timothy A. Steadman**
  tim@johnholleman.net,tsteadma@gmail.com,tina@johnholleman.net,maryna@johnholleman.net,jerry@johnholleman.net,jholleman@johnholleman.net

/s/ Joseph R. Falasco
Joseph R. Falasco