IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**JACQUELINE L. CONNERS et al**                                    **PLAINTIFFS**
**individually and on behalf of all others similarly situated**

v.                      **CASE NO. 4:14 CV002 BSM**

**CATFISH PIES, INC., et al**                                        **DEFENDANTS**

<u>**ORDER**</u>

Plaintiffs' motion for summary judgment [Doc. No. 115] is granted in part and denied in part. The motion is granted as to plaintiffs' claim that the cooks were not tipped employees. Summary judgment is denied as to the remaining claims.

I.      BACKGROUND

Viewed in the light most favorable to defendants, the non-moving parties, the material facts are as follows. Prior to October 2013, Ben Biesenthal and Tim Chappell, each individually owned an interest in Catfish Pies, Inc., Pizza Profits, Show Me Pies, Three Buddies, Inc., and Gusano's Pizzeria, Inc. *See* Defendants' Response to Statement of Facts, Doc. No. 147, ¶ 2 ("RSOF"). Biesenthal is the president of Crazy Pies, Pizza Profits, and Show me Pies, and until October 2013, he was also the president of Gusano's Pizzeria, Inc., n/k/a Hendrix Brand, Inc. In October of 2013, Timothy Chappell became sole owner and president of Hendrix, and conveyed his interests in the other entities listed above. *See id.* ¶ 3. Three Buddies provides administrative services to Catfish Pies, Pizza Profits, and Show Me Pies, including payroll processing, bookkeeping, and maintenance of initial employee's tax forms, immigration forms, and payroll processing documents. *See id.* ¶ 5. Moreover,

Three Buddies supplied employee handbooks for Catfish Pies, Pizza Profits, and Show Me Pies. *See* Defendants' SOF, Doc. No. 125, ¶ 24–27.

Biesenthal hires and fires general managers of Catfish Pies, Pizza Profits, and Show Me Pies. *See id.* ¶ 16. These managers hire and fire hourly employees. *Id.* They occasionally request Biesenthal's advice regarding termination decisions. *Id.* He has been directly involved in the termination of an hourly employee on one occasion. *Id.* The general managers are in charge of day-to-day operations for all defendants' restaurants. *Id.* ¶ 19. Biesenthal and his general managers periodically meet to discuss the operation of Catfish Pies, Pizza Profits, and Show Me Pies. *Id.* ¶ 20. Biesenthal has created the job descriptions for the kitchen staff at these restaurants. *Id.* ¶ 27. Except for Rachelle Hobbs, none of the plaintiffs ever worked for Hendrix. *See* Plaintiffs' RSOF ¶ 9, Doc. No. 142.

At all times relevant to this lawsuit, defendants used similar employee handbooks, which included a tip pooling policy ("the policy"). *See* Defendants' RSOF ¶ 78, Doc. No. 147. In relevant part, the handbooks state as follow: "the wait staff must 'tip-out' a percentage of their sales to kitchen, hostess, & bar staff." *Id.* ¶ 79. After plaintiffs' lawsuit was filed, Biesenthal changed the policy at Catfish Pies, Pizza Profits, and Show Me Pies to exclude the kitchen staff (cooks). *Id.* ¶ 17. Moreover, he implemented an arbitration policy regarding employee's complaints at Catfish Pies, Pizza Profits, and Show Me Pies. *Id.*

Plaintiffs filed this lawsuit against defendants alleging that each defendant has violated the Fair Labor Standard Act ("FLSA"). Plaintiffs now move for summary judgment.

II. LEGAL STANDARD

2

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute that must be resolved at trial. *Id.* Importantly, when considering a motion for summary judgment, all reasonable inferences must be drawn in the light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). Additionally, the evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

### III.   DISCUSSION

A.   <u>Invalid Tip Pool claim</u>

*1.   Cooks are Not Tipped-Employees*

Summary judgment is granted on plaintiffs' claim that cooks at defendants' restaurants are not tipped employees. An employee is a tipped employee only if: 1) she is engaged in an occupation, and 2) the occupation is one in which she regularly and customarily receives at least $30 in tips per month. *Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 876 (8th Cir. 2011). When determining who is a tipped employee, an *ad hoc* analysis of the employee's duties is performed, and a *per se* determination is not made based upon an employee's job title. *Pedigo v. Austin Rumba, Inc.*, 722 F. Supp. 2d 714, 730 (W.D. Tex.

2010).

When an employer alleges that a particular employee is eligible to participate in a tip pool, the employer has the burden of proving the eligibility of the employee. *See Roussell v. Brinker Int'l, Inc.,* 441 F. App'x 222, 230 (5th Cir. 2011). Importantly, the United States Department of Labor categorizes cooks as non tipped-employees. *See* U.S. Department of Labor Field Operations Handbook § 30d04(c) (Dec. 9, 1988) ("DOL FOH"), *available at* http://www.dol.gov/whd/FOH/FOH_Ch30.pdf; *see also Roussell*, 441 F. App'x at 231; *Kilgore v. Outback Steakhouse of Florida, Inc.*, 160 F.3d 294, 301 (6th Cir. 1998) (distinguishing cooks as employees who by their nature do not work in an occupation that customarily and regularly receives tips).

Although the cooks at defendants' establishments occasionally "assist with to go orders, bussing tables, and running food to tables," and on very rare occasions receive tips from customers, that is not enough to make them employees who customarily and regularly receive tips. Indeed, nothing in defendants' description of cooks' duties indicates that they are required to interact with customers more than occasionally. *See* Kitchen Procedures, Ex 59, Doc. No. 115. Accordingly, defendants' cooks are not tipped employees. *See* DOL FOH, § 30d04(c).

## 2. *Mandatory Tip Pool Policy*

Summary judgment is denied on plaintiffs' claim that the tip pool policy was mandatory because there are genuine issues of fact in dispute on this issue. It is without question that tipped employees may voluntarily share tips with non-tipped employees.

*Roussell*, 441 F. App'x at 230; *see also* DOL FOH § 30d04(c). The question presented, therefore, is whether defendants required, either formally or informally, the tipped employees to share tips with the non-tipped employees. On one hand, it would appear that defendants required its tipped employees to share tips because the employee's handbook states that the wait staff is required to tip-out a percentage of its sales to kitchen, hostess, and bar staffs. Moreover, several plaintiffs testified that they were required to tip out. *See, e.g.*, Ex. 5, Conners Depo. at 22:2-21, Doc. No. 130; Ex. 6, Shoemaker Depo. at 25:16-21, Doc. No. 30; Ex. 10, Koch Depo. at 26:8-13, Doc. No. 130. On the other hand, some employees who said they were required to tip out, also testified that they never read the handbook. *Id.* Further, other tipped employees testified that they were told they were not required to tip out. *See* Conners Depo. 29:17-18, Ex. 5, Doc. No. 130; Rossborough Depo., Ex. 12 at 69:6-9, Doc. No. 130. Finally, there is testimony in the record that a number of tipped employees chose not to tip out and were not reprimanded. *See* Declaration of Rasmussen ¶ 11, Ex. 4, Doc. No. 146.

Summary judgment is inappropriate because there is conflicting evidence as to whether tipped employees were actually required, formally or informally, to share tips with non tipped employees. Although, at first blush, it would appear that the handbook would provide the answer, the jury must determine whether defendants actually enforced the handbook or had an informal policy that differed from the handbook.

### 3. *Managers' Participation in the Tip Pool*

Summary judgment is denied on plaintiffs' claim that the tip pool was invalid because

managers participated in it. Participation in a tip pool by management-level employees renders a tip pool agreement invalid if the managers qualify as employers under the FLSA. *See Dole v. Cont'l Cuisine, Inc.*, 751 F. Supp. 799, 803 (E.D. Ark. 1990). As such, summary judgment is only proper if the uncontroverted facts show that managers (1) who were employers (2) were allowed to participate in the tip pool. *See Morgan v. SpeakEasy, LLC*, 625 F. Supp. 2d 632, 652 (N.D. Ill. 2007).

In determining whether a party is an individual's employer, courts generally look to the economic reality of the arrangement. *Blair v. Wills*, 420 F.3d 823, 829 (8th Cir. 2005). Some relevant factors include the control over hiring and firing of employees, control over the manner in which work is performed, and the fixing of employee wages. *Helmert v. Butterball*, LLC, No. 4:08CV00342 JLH, 2010 WL 779321, at *3 (E.D. Ark. Mar. 5, 2010). The totality of the circumstances, and not any one factor, determines whether a worker is the employee of a particular employer. *Id.* at *3.

It is undisputed that general managers at each restaurants hire and fire hourly employees, and are in charge of the day-to-day operations. *See* RSOF ¶¶ 16 & 19, Doc. No.147 ; RSOF ¶ 6, Doc. No. 142. As such, it is clear that defendants' general managers are employers under the FLSA. *See Dole*, 751 F. Supp. at 802–03. It is unclear, however, whether defendants' kitchen managers are employers. *See Dole*, 751 F. Supp. at 802 (the existence of some supervisory duties over other employees alone does not, as a matter of law, make a person an employer under the FLSA). Consequently, the jury must make this determination.

Further, if the jury determines that defendants' kitchen managers are employers, it will then be charged with determining whether the kitchen managers ever received funds from the tip pool. This is true because Biesenthal testified that kitchen managers never received funds from the tip pool. *See* Declaration of Biesental, ¶ 8. This creates a genuine dispute of material fact, making summary judgment inappropriate.

### 4. *Retention of Funds by Defendants*

Plaintiffs allege that defendants have improperly retained and redistributed funds from a mandatory tip pool to the kitchen staff. Summary judgment is not appropriate for plaintiffs' claim because there is a genuine dispute as to whether the policy was mandatory.

B. <u>Willful Violation of the FLSA</u>

Summary judgment is denied on plaintiffs' claim that defendants willfully violated the FLSA. An employer's violation is willful when the employer knew, or showed reckless disregard, that its conduct was prohibited. *Hanger v. Lake Cnty.*, 390 F.3d 579, 583 (8th Cir. 2004). Plaintiffs' claim that defendants willfully violated the FLSA is based on its position that the tip policy was unlawful. Even if this is true, plaintiffs have not shown that, as a matter of law, the violation was willful. Although defendants were aware that a mandatory tip pool would violate the FLSA, *see* Biesenthal Depo. at 110:4-11, Ex. 1, Doc. No. 115, they assert that the policy was not mandatory. The policy language, along with the plaintiffs' testimony, create a genuine issues of fact that must be decided by a jury.

C. <u>Liquidated Damages</u>

Summary judgment is denied on plaintiffs' liquidated damages claim. Employees

may be entitled to liquidated damages when an employer, who has violated the FLSA, cannot show that it acted in good faith. There is a genuine factual dispute as to whether defendants acted in good faith. Therefore, summary judgment is inappropriate.

D.     Employers Status

The FLSA defines an employer as any person acting directly or indirectly in the interest of an employer in relation to an employee. *See* 29 U.S.C. § 203(d). The factors used to determine who is an employer, as listed in Part III. A.3., are not exclusive. *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1059 (2d Cir. 1988). Showing indirect control may be sufficient for a finding of an employer-employee relationship under the FLSA. *In re Enter. Rent-A-Car Wage & Hour Employment Practices Litig.*, 683 F.3d 462, 468 (3d Cir. 2012).

### 1. Biesenthal

Summary judgment is denied on plaintiffs' claim that Biesenthal was their employer because there are issues of fact in dispute. It is undisputed that Biesenthal does not hire the hourly employees. Moreover, he contends he has been indirectly involved in the firing of only one hourly employee. *See* Defendants' RSOF, Doc. No. 147, ¶ 19. He, however, hires and fires the managers who hire the hourly employees, and advises them occasionally regarding termination. *See id.*, ¶ 16. Also, he temporarily fills in for his general managers when they are absent or have been terminated. *See id.*, ¶ 24.

Although Biesenthal controls the manner in which work is performed, by implementing employment policies, *see id.*, ¶ 17, that alone is not sufficient to support a grant of summary judgment. *See Duluth News-Tribune, a Div. of Nw. Publications, Inc. v. Mesabi*

*Pub. Co.*, 84 F.3d 1093, 1096 (8th Cir. 1996) (indicating that factual disputes regarding determinative factors support the denial of summary judgment if they tilt the entire balance in favor of such a finding). Summary judgment is therefore inappropriate.

### *2. Tim Chappell*

Summary judgment is denied on plaintiffs' claim that Chappell is their employer. Plaintiffs' claim that Chappell is their employer because he is an owner and had supervisory control over them, is misguided. Each plaintiff, other than Hobbs, has failed to demonstrate that Chappell has ever controlled the hiring and firing, the manner in which work is performed, or the manner in which wages are fixed at the restaurant where she works. Importantly, none of these plaintiffs worked at Hendrix.

As to Hobbs, although it is clear she was employed by Hendrix for at least part of the period relevant to this lawsuit, a genuine dispute remains as to whether Chappell had sufficient control, as a matter of law, to be her employer. Hobbs alleges Chappell hired her in 2007 and fired her in October 2012. *See* Hobbs Dep. 44:16-17, Doc. No. 115. Moreover, she alleges that because Chappell was an owner, he had control over the day-to-day operations at Hendrix. Chappell, however, denies these allegations. *See Ex.* 1 Doc. No. 124, ¶ 15. Accordingly, summary judgment is inappropriate.

### *3. Three Buddies*

Summary judgment is denied on Three Buddies' status as plaintiffs' employer because plaintiffs have not demonstrated sufficient control by Three Buddies to establish that an employer-employees relationship existed. Plaintiffs, however, have presented sufficient

9

evidence to create a genuine dispute as to whether Three buddies, at least indirectly, controlled plaintiffs' employments.

It is undisputed that Three Buddies has created and supplied the employee's handbooks for Catfish Pies, Pizza Profits, and Show Me Pies. *See* SOF, Doc. No. 125, ¶ 24–27. Importantly, Three Buddies supplied the tip out agreement in question. Moreover, Three Buddies does the payroll of all the employees of Catfish Pies, Pizza Profits, and Show Me Pies. *See* Dep. Bryant Ex. 3, Doc. No. 115, at 22:19–20. Defendants' contend that Three Buddies has no control over the employees of these restaurants, and only provides them with administrative services for a fee. *See* RSOF, Doc. No. 147, ¶ 5. Plaintiffs, however, allege that Three Buddies controls the rates and methods of payment and indirectly controls the hiring and firing of employees at these restaurants. In that there are facts in dispute, summary judgment is inappropriate.

### 4. Single-Integrated Enterprise.

Summary judgment is denied on plaintiffs' claims predicated on the single-integrated enterprise theory. *See* Doc. No. 103.

### IV. CONCLUSION

For these reasons, plaintiffs' motion for summary judgment [Doc. No. 115] is granted in part and denied in part. The motion is granted as to plaintiff's claim that defendants' cooks were not tip employees. Summary judgment is denied as to the remaining claims.

IT IS SO ORDERED this 13th day of February 2015.

*[signature: Brian S. Miller]*
UNITED STATES DISTRICT JUDGE